**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ARNOLDO SANCHEZ FARIAS,

    Defendant.

No. CR 11-0647 RS (MEJ)

**ORDER RE: JOINT DISCOVERY DISPUTE LETTER (DOCKET NO. 22)**

    Before the Court is a joint letter addressing a discovery dispute between the United States (Plaintiff) and Arnoldo Sanchez Farias (Defendant). Dkt. No. 22. On August 8, 2011, the Bureau of Narcotics Enforcement (BNE) obtained a warrant from the Superior Court of Contra Costa County to search Defendant's residence. Dkt. No. 1 at 2. The application for the search warrant provided a detailed explanation of BNE's investigation of Defendant since March 2011, including agents' surveillance of Defendant, interactions between Defendant and others that agents suspected to be drug transactions, several instances of Defendant's counter-surveillance measures against detection by law enforcement, and Defendant's criminal history. Dkt. No. 22, Ex. A. Part of the warrant application — Attachment A — was based on information provided by a confidential informant, which BNE asked to seal to protect the life and identity of the informant as well as to prevent disclosure of official information regarding related investigations. On August 9, 2011, the warrant was executed and resulted in BNE agents discovering over 50 pounds of methamphetamine and

seven firearms in Defendant's residence. Dkt. No. 1 at 3. Defendant was later charged with (1) possession of methamphetamine with intent to distribute; (2) possession of a firearm in furtherance of a drug trafficking crime; and (3) being a felon in possession of a firearm. Dkt. No. 5.

The pending discovery dispute is whether Defendant should have access to Attachment A and, effectively, the identity of the confidential informant. Plaintiff argues that the information contained in Attachment A is not material to the defense and disclosure would put the informant at risk. Defendant contends that production of Attachment A is essential to his defense since it will provide information that Defendant can use to attack the validity of the search warrant. The Court has considered the parties' arguments and reviewed the search warrant as well as Attachment A, which Plaintiff submitted to the Court for an in camera review.[1] For the foregoing reasons, the Court denies Defendant's request to compel production of Attachment A.

**A. The Informer's Privilege**

Plaintiff argues that Attachment A is protected by the "informer's privilege." Dkt. No. 22 at 5. The government has the privilege to withhold the identity of informants who furnish valuable information to law enforcement officers. *Rovario v. United States*, 353 U.S. 53, 59 (1957). The privilege, however, is not absolute. *Id.* at 62. It requires balancing the public interest in protecting the flow of information against the accused's right to prepare his defense. *Id.* The proper balance must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible significance of the informer's testimony, and any other relevant factors. *Id.* Where a defendant has failed to articulate any substantial reason why he should be entitled to the confidential information, disclosure is not appropriate. *United States v. Napier*, 436 F.3d 1133, 1139 (9th Cir. 2006). A "mere suspicion" that the informant may have information helpful to the defendant is not enough. *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000).

The Ninth Circuit has provided a three-factor test to balance the interests between the public

---

[1] Plaintiff also complied with the Court's previous order by sufficiently explaining that it could not produce a redacted version of Attachment A because any information would likely allow Defendant to determine the identify of the confidential informant and put his or her safety in jeopardy.

2

and the defendant: "(1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in non-disclosure." *United States v. Gonzalo-Beltran*, 915 F.2d 487, 489 (9th Cir. 1990). Here, the informant was not involved in any of the offenses with which Defendant is charged. Additionally, Plaintiff is likely to establish that probable cause existed for the warrant to issue based on other grounds besides the information provided by the informant. There is also no relationship between Defendant's likely defense and any testimony from the informant since Plaintiff does not plan to call the informant as a witness at trial or rely on the information from Attachment A. Dkt. No. 22 at 5. Finally, Defendant's interest in the informant's identity must be balanced against Plaintiff's interest in ensuring the safety of the informant and maintaining the integrity of ongoing criminal investigations. *See Napier*, 436 F.3d at 1136. Here, with Defendant's criminal history and admitted connection to a Mexican drug cartel, the informant's safety would be at risk if his or her identity is revealed. Moreover, nondisclosure will allow the government to maintain credibility with cooperating witnesses and preserve other investigations.

Notably, Defendant — who has the burden to show why disclosure is needed — does not provide any argument to oppose Plaintiff's contention that the informer's privilege applies to this matter. Having failed to articulate any substantial reason or facts explaining why he should be entitled to Attachment A and why the informer's privilege should not apply, the Court finds that the interests favor protecting the identify of the informant.

**B. Federal Rule of Criminal Procedure (Rule) 16(a)(1)(E)**

Even if the informer's privilege did not apply, Defendant has not persuaded the Court that Attachment A should be disclosed under Rule 16(a)(1)(E). This Rule provides that upon a defendant's request, the government must permit the defendant to inspect, copy, or photograph documents (*inter alia*) if the item is within the government's possession, custody, or control and: "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P.

16(a)(1)(E). The defendant has the burden of making a prima facie showing of materiality. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). Materiality is not established by a general description of the documents sought or by a conclusory argument that the requested information is material to the defense. *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984). Under Rule 16(a)(1)(E), evidence is material if it will play an important role in uncovering admissible evidence, aiding in witness preparation, corroborating testimony, or assisting impeachment or rebuttal. *United States v. Liquid Sugars*, 158 F.R.D. 466, 474 (E.D. Cal 1994).

Defendant has provided no specific reasons why Attachment A, in particular, is necessary or material to his defense. The investigation of Defendant detailed in the non-confidential portion of the search warrant application was conducted without reference to the information provided by the informant. As such, the warrant application provides several other bases for probable cause, including extensive surveillance that revealed Defendant lived at the residence, appeared to have participated in several drug transactions with other individuals who also had prior drug convictions, engaged in counter-surveillance techniques against law enforcement agents on multiple occasions, and had a criminal history with drug trafficking convictions. Moreover, Defendant has only stated that he is entitled to review Attachment A because it is necessary for him to attack the legality of the search and seizure of evidence that the prosecution intends to use in its case-in-chief at trial. Dkt. No. 22 at 2. This conclusory statement does not meet Defendant's burden to establish materiality.

Defendant also argues that if Plaintiff refuses to disclose Attachment A, Plaintiff must defend the validity of the warrant without relying on the Attachment . Dkt. No. 22 at 1. Defendant has provided no authority for this assertion. His argument also ignores that the informer's privilege may prevent a defendant from learning a confidential informant's identity even if the government relies on the informant's information for probable cause. *See Napier*, 436 F.3d at 1136 (in denying the defendant's request to unseal the confidential attachment to a search warrant, the court noted that the defendant's "argument for an absolute right is further weakened by the Supreme Court's determination that due process requirements at suppression hearings are less elaborate and

4

1 demanding than those at trial."). Nonetheless, because the informer's privilege is not absolute and
2 depends on the particular circumstances of the case, Defendant's request is denied without prejudice.
3 If Plaintiff decides to use the confidential informant as a witness at trial or to rely on only the
4 informant in defending the merits of the search warrant, and Plaintiff refuses to disclose the
5 confidential informant's identity, Defendant may raise this issue again for the Court to reconsider
6 under those circumstances.

**C. Defendant's Other Arguments**

In the joint letter, Defendant makes three other arguments in favor of disclosing the contents of Attachment A. First, Defendant contends that he has a "Fourth Amendment right of access" to view the search warrant. Defendant has provided no case law or explanation for this "right of access" argument and only provides that "the Fourth Amendment's protections are meaningless unless a defendant has a right to view search warrant materials used against him." Dkt. No. 22 at 2. As explained above, a defendant's right to information in a warrant is not absolute. There is no fixed rule with respect to disclosure of an informant's identity, and the Court must balance the interests of the defendant and the government against each other. *Rovario*, 353 U.S. at 62.

Second, citing *United States v. Business of Custer Battlefield Museum*, 658 F.3d 1188 (9th Cir. 2011), Defendant argues that the public has a "common law right of access to inspect search warrant materials post-indictment." Dkt. No. 22 at 2. While the *Custer Battlefield* court held that a common law right of access to warrant materials existed once an investigation was terminated, it did not consider whether the right exists when an investigation is still ongoing. 658 F.3d at 1192. In an earlier filing in this case, Plaintiff notified the Court that the investigation against Defendant is still ongoing. Dkt. No. 13 at 15. Thus, Defendant's reliance on *Custer Battlefield* is misplaced here. Moreover, even if the investigation had been terminated, Defendant again provides no reason as to why the informer's privilege should not apply.

Defendant's final argument is that he has a right to view Attachment A because the District

5

Court has never ordered that it be sealed. Defendant cites Civil Local Rule 79-5(a),[2] arguing that since this Court has never ordered that Attachment A be sealed, Defendant should have "full access to papers filed in the Office of the Clerk." Dkt. No. 22 at 3. The warrant in this case was issued in Contra Costa County by a state court judge. It has never been filed in this Court. Civil Local Rule 79-5(a) is therefore inapplicable to this warrant.

Based on the above, Defendant's request to compel production of Attachment A is DENIED WITHOUT PREJUDICE. Even though Defendant's letter brief requested oral argument on these issues, the Court finds that this matter is suitable for resolution without holding a hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

**IT IS SO ORDERED.**

Dated: April 24, 2012

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[2] Pursuant to Criminal Local Rule 55-1(b), Civil Local Rule 79-5 governs documents filed under seal in criminal cases.