MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

KEVIN J. BARRY  (CABN 229748)
Assistant United States Attorney
    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone:  (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 11-0647 RS |
| Plaintiff, | ) | |
| v. | ) | **UNITED STATES SENTENCING MEMORANDUM** |
| ARNOLDO SANCHEZ FARIAS, | ) | Date:   July 23, 2013 |
| Defendant. | ) | Time:  2:30 p.m. |
| | ) | Hon. Richard Seeborg |

**INTRODUCTION**

The defendant, Arnoldo Sanchez Farias, stands before the Court to be sentenced after pleading guilty to Counts One and Two of an Indictment charging him with possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  The Court has set July 23, 2013, at 2:30 p.m. as the date for judgment and sentencing.  The defendant pleaded guilty through an agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  The government submits the following sentencing memorandum in order to advise the Court of the government's Sentencing

Guideline calculation, the lack of any objections to the final presentence report ("PSR"), with the exception of the calculation of Defendant's criminal history category, and its sentencing recommendation.

The government agrees with United States Probation that the adjusted offense level for the defendant's crime is 35.  The government believes, however, that Defendant qualifies as a career offender, and thus, is a CHC VI.  Through the plea agreement and the PSR, all parties are in agreement that a sentence of 300 months followed by ten years of supervised release, forfeiture, and a $200 special assessment is appropriate in this case.

## THE DEFENDANT'S OFFENSE CONDUCT

On August 8, 2011, Special Agent Jeffrey Green of the California Department of Justice, Bureau of Narcotics Enforcement (BNE), obtained a search warrant from the Superior Court of Contra Costa County for Defendant's residence, Apartment #528 of 3185 Garrity Way in Richmond, CA.  The following morning, August 9, 2011, BNE agents executed the warrant, assisted by other law enforcement officers, including agents of Homeland Security Investigations (HSI).

Officers found a massive quantity of drugs in the apartment – nearly 50 pounds of methamphetamine, packaged in 50 one-pound bags, and an arsenal of weapons – four handguns, including a loaded 9mm pistol on a bedside table, two shotguns, and an SKS assault rifle.  The pistol, shotguns, and assault rifle were located in the bedroom of the apartment and were within easy reach of anyone in the bed.  Officers also seized over 160 grams of marijuana, 23 grams of cocaine, 8 grams of hashish, $16,000 in cash, multiple mobile phones, "pay/owe sheets," and an electronic bill counter.

Agents found Defendant in the bedroom, together with the weapons, and they placed him under arrest.  The methamphetamine was hidden in a toolbox in the garage.

Following this seizure, agents arrested Defendant.  While he initially invoked his right to remain silent, he later asked to speak with agents.  During that interview, Defendant admitted to being a drug dealer, stated that the seized methamphetamine came from Mexico, affirmed that he has a connection to a cartel, and claimed to be able to obtain up to 500 pounds of

methamphetamine.  He also reported that he sleeps with a gun to next to his head because people can be killed for not paying for the purchase of drugs.

## PROCEDURAL HISTORY

Defendant was initially charged by Complaint with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  Dkt. 1.  On September 8, 2011, the Grand Jury returned a three count Indictment charging Defendant with possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Dkt. 5.

On November 22, 2012, the government filed an Information under 21 U.S.C. § 851 alleging that Defendant has a conviction for a prior felony drug offense.  Dkt. 10; *see also* Attachment A (certified copy of Defendant's prior drug felony conviction documents); PSR ¶ 46. Because of the quantity of methamphetamine involved in this case, this Information doubled the mandatory minimum term from 10 years in prison to 20 years.  21 U.S.C. § 841(b)(1)(A)(viii).

On January 5, 2012, Defendant filed a motion for discovery of the sealed portion of the state court search warrant that led to the discovery of cache of methamphetamine and weapons. Dkt. 12.  This Court referred the discovery motion to Magistrate Judge James, and on April 24, 2012, Judge James denied the motion.  Dkt. 23.  After Defendant objected to Judge James' ruling, on June 18, 2012, this Court overruled those objections.  Dkt. 28.

Defendant then moved to suppress the evidence gained in the search warrant and moved for a *Franks* hearing regarding SA Green's affidavit in support of that warrant, and the Court denied those motions.  Dkts. 42 and 56.  Following those rulings, the Defendant pleaded guilty to Counts One and Two of the Indictment (21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)) pursuant to a plea agreement.  Dkt. 60.  The agreement stipulated a quantity of 49 pounds of methamphetamine and set a sentence at the mandatory minimum 25 year term.  The agreement also permitted Defendant to appeal the Court's November 20, 2012 Order denying his October 22, 2012 Motion to Suppress evidence.  Dkts. 42, 32.

## SENTENCING GUIDELINES CALCULATIONS

The Sentencing Guidelines calculation for the defendant's offense level is as follows:

a.  Base Offense Level:                                    38
    (U.S.S.G. §§ 2D1.1(a)(5), 2D1.1(c)(1)
    (More than 1.5kg of actual methamphetamine))

b.  Acceptance of Responsibility:                          -3[1]
    (U.S.S.G. § 3E1.1(a), (b))

c.  Adjusted Offense Level:                                35

As the PSR indicates, the defendant has an extensive criminal history, and the U.S. Probation Office has determined that he qualifies as a CHC IV. PSR ¶¶ 45-49. With an adjusted offense level of 35 and a CHC of IV, the Guidelines authorize a sentence of between 235 and 293 months' imprisonment for the 21 U.S.C. § 841(a)(1) charge. Once the 60 month consecutive term for the conviction under 18 U.S.C. § 924(c) is added, the range increases to 295 to 353 months. The agreed term of 300 months is within this Guideline range.

However, the government respectfully submits that Defendant should be classified as a career offender by virtue of his 1998 conviction for sexual battery and his 2004 conviction for possession of methamphetamine for sale, which constitute a felony crime of violence and a felony controlled substance offense, respectively. U.S.S.G. § 4B1.1. Should the Court determine that Defendant qualifies as a career offender, it will have no effect on the offense level, but it will increase his CHC classification from IV to VI, thereby increasing the Guidelines range to 292–365 months before the consecutive sentence for 18 U.S.C. § 924(c) and to 352–415 months after adding the 60 month term. *Id.*

Although the government believes that a higher Guidelines range applies to Defendant's conviction by virtue of his status as a career offender, the government nonetheless urges the Court to accept the sentence agreed to in the plea agreement, a term of 300 months.

---

[1] The government moves for the additional -1 deduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

UNITED STATES' SENTENCING MEMORANDUM
CR 11-0647 RS                                    4

## THE CAREER OFFENDER GUIDELINE

Section 4B1.1 of the Guidelines states that a defendant is to be classified as a career offender if (1) the defendant was at least eighteen years old at the time he committed the offense of conviction; (2) the offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). As the PSR reports, Defendant has a prior felony conviction for a controlled substance offense from 2004. PSR ¶ 46. There is a question, however, whether Defendant's 1998 felony conviction for sexual battery constitutes a "crime of violence" for the purpose of the career offender provision. PSR ¶ 45.

Although the PSR does not specify the statute involved in that conviction, it was a violation of California Penal Code § 243.4(a). *See* Attachment B (certified copy of Defendant's sexual battery conviction documents), Attachment C (copy of the statute).

Under Section 4B1.2, a crime of violence is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). California Penal Code § 243.4(a) defines sexual battery as the touching of the "intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, [] if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse . . . ."

With respect to the "element prong" of Section 4B1.2(a)'s definition of a crime of violence, the the Ninth Circuit has determined that Cal. Penal Code § 243.4 does not have physical force as a element of the crime. *See United States v. Espinoza-Morales*, 621 F.3d 1141, 1145 (9th Cir. 2010). The reason articulated by the court is that although California's sexual battery statute requires unlawful restraint, "the restraint need not be physical and can be accomplished by words alone, including words that convey no threat of violence." *Id.* (quoting *United States v. Lopez-Montanez*, 421 F.3d 926, 929 (9th Cir. 2005)) (context of U.S.S.G. §

2L1.2(b)(1)(A)(ii), which has an "element prong" of its definition of "crime of violence" that is identical to Section 4B1.2(a)).

With respect to the second part of Section 4B1.2(a)'s definition – "an offense that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another" – no Ninth Circuit case has yet addressed whether the conduct criminalized by California Penal Code Section 243.4(a) qualifies. In the context of 18 U.S.C. § 16(b), however, which characterizes a crime of violence as one "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," the Ninth Circuit has held that Section 243.4(a) meets this definition. *See Lisbey v. Gonzales*, 420 F.3d 930, 933-34 (9th Cir. 2005).

In *Lisbey*, the Court noted that Section 243.4 does not meet the "element prong" of 18 U.SC. § 16(a), which is identical to the element prong of the career offender Guideline, because it lacks a requirement that force be used. *Id.* at 932. However, because "the statutory definition of sexual battery requires that the sexual touching not only be committed against the victim's will, but also by the restraint of the victim," the court held that it constitutes a crime of violence under the "risk of physical force" definition in Section 16(b). *Id.* at 933. "The fact that it is possible to commit the offense without the use of physical force does not take the offense outside the realm of § 16(b), so long as the substantial risk is present." *Id.* (citing *Leocal v. Ashcroft*, 543 U.S. 1, 10-11 (2004)).

While they are essentially identical in terms of the "element prong" of their definitions of a crime of violence, Section 16 of Title 18 and Section 4B1.2(a) of the Guidelines differ in their second parts of the definitions. Section 16(b) requires that there be a substantial risk of *physical force*, while Section 4B1.2(a)(2) requires that there be a serious potential risk of *physical injury*. In *Leocal v. Ashcroft*, the Supreme Court suggested that a risk of the use of force is broader than a risk of injury: "Thus, § 16(b) plainly does not encompass all offenses which create a 'substantial risk' that injury will result from a person's conduct." The 'substantial risk' in § 16(b) relates to the use of force, not to the possible effect of a person's conduct. *Id.*, 543 U.S. 1, 10 n.4 (2004). As seen above, the court in *Lisbey* determined that Section 243.4 meets the "risk

of physical force" definition, although it was a question of first impression, *id.*, 420 F.3d at 932, but no Court has addressed the "risk of physical injury" definition.

Despite the lack of direct guidance, the government maintains that sexual battery constitutes a crime of violence for the purpose of designating Defendant as a career offender, because the conduct covered by the statue necessarily carries a risk of injury, not only through the risk that a perpetrator will use force to commit battery against a resisting victim, but also through the sexual contact itself. *See United States v. Sandoval-Orellana*, 714 F.3d 1174, 1179, n.4 (9th Cir. May 9, 2013) (the fact that Section 243.4 requires both touching against the victim's will and the restraint of the victim "strengthens the case for finding sexual battery to be a categorical crime of violence" in the context of 28 U.S.C. § 16(b)) (citing *Lisbey*, 420 F.3d at 933).

The government notes, however, that it raised this issue after the Probation Officer submitted the final PSR. Although the PSR reports Defendant's 1998 sexual battery conviction, it does not indicate the specific statue of conviction. Thus, neither Defendant nor the Probation Officer have had the opportunity to address the issue of Section 243.4's status as a crime of violence before the filing of this sentencing memorandum. Should the Court determine, in this case, that raising the issue at this time will not allow Defendant sufficient time to respond, the Court could either delay sentencing or preclude the government from supplementing the record with Defendant's conviction documents. If the Court chooses the latter course,[2] it may decline to make a determination whether the sexual battery offense constitutes a crime of violence within the definition of Section 4B1.1(a), based on the record provided in the PSR, which does not indicate the statue of conviction. In that case, there would be no need for any departure or variance from the Guidelines range for the 300 month sentence to which the parties have agreed.

---

[2] Should the Court not accept the sexual battery conviction documents, the government respectfully requests that the certified copies of Defendant's 2004 conviction for possession of methamphetamine for sale, in violation of California Health & Safety Code Section 11378, Attachment A, nevertheless be admitted to the record to support the November 21, 2011 Information for Increased Punishment by Reason of Prior Felony Drug Conviction, 21 U.S.C. § 851. Dkt. 10.

## SECTION 3553(A) FACTORS

Section 3553(a) directs courts to consider a number of factors in determining an appropriate sentence.  In this case, these factors indicate that a term of 300 months in custody is sufficient, but not greater than necessary, to achieve the goals of sentencing.  *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The key factors are the nature and circumstances of the offense and the history and characteristics of the defendant, 3553(a)(1); the need for the sentence to afford adequate deterrence, 3553(a)(2)(B); and the need to protect the public from further crimes of the defendant, 3553(a)(2)(C).

In terms of Defendant's history and characteristics, the current offense is but the latest instance of a continuous pattern of criminal conduct.  As the PSR indicates, Defendant has consistently refused to live a law-abiding life.  At age 19, defendant obtained his first felony conviction, for the sexual battery of two 14 year old girls.  PSR ¶ 45.  He received a term of three years in prison for this offense, but that sentence had no deterrent effect, as shown by the three separate parole violations.  *Id.*  Defendant's parole was finally terminated just before his second felony conviction, for possessing methamphetamine for sale and receiving stolen property, reflecting criminal conduct while he was on parole.  *Id.* ¶ 46.  Defendant received a 44 month sentence for that offense.  *Id.*

Just months after release from that conviction, Defendant was arrested, once again for possession of drugs for sale, a charge that was later dismissed.  *Id.* ¶ 50.  Defendant was also arrested for sexual battery in 2010, with those charges dismissed as well.  *Id.* ¶ 51.  Less than a year after that dismissal, agents began the investigation that led to the current charges.  *Id.* ¶ 6.

The PSR details a normal upbringing in an stable, supportive family.  *Id.* ¶¶ 55-57.  Defendant attended school, participated in sports, and had parents who raised him well.  *Id.* ¶ 57.  In many respects, Defendant's conduct represents a conscious choice to engage in criminal activity.  He was not led into crime because of addiction, desperate economic circumstances, mental illness, a history of abuse, or other factors.  He became involved in crime simply because he chose to do so, and he chose to keep doing so, despite multiple arrests, convictions, and prison terms.

In fact, not only did Defendant continue in his criminal activity; he escalated it significantly. While Defendant's first methamphetamine sales conviction involved three baggies, PSR ¶ 46, the current offense involved roughly 49 pounds of the drug. *Id.* ¶ 21. With a typical street dosage of 50 milligrams,[3] that represents over 440,000 individual hits. This is almost 15 times the quantity needed for an offense level of 38, the highest offense level provided under the Guideline for drug trafficking. U.S.S.G. § 2D1.1(c)(1) (1.5 kilograms of actual methamphetamine). It is roughly 440 times more than the 50 gram quantity that triggers a 10 year mandatory minimum term under 21 U.S.C. § 841(b)(1)(B)(viii).

Dealers who traffic in such substantial quantities of drugs are often armed, and Defendant was no exception. In fact, agents seized an arsenal of weapons when they searched his apartment, including loaded pistols in his bedroom (on a bedside table), shotguns, and an assault rifle. PSR ¶ 19.

All of these factors indicate that a lengthy prison term is called for here, and a term of 300 months certainly qualifies.

In terms of deterrence and protection of the public from future crime, a 300 month term is sufficient to meet these goals of sentencing. Defendant is currently 35 years old, and he will not be released from custody until he is well into his 50's, after which he will serve 10 years on supervised release. Even if he were inclined to resume participation in the drug trade at the conclusion of his prison term, his contacts and connections may not still be active, and it is possible that the nature of drug trafficking will have undergone considerable structural changes in the coming generation. Thus, the agreed sentence should provide adequate deterrence.

Although the Guidelines provide for a higher sentence than 300 months, either through the "natural Guidelines" range of up to 353 months or the career offender range of 352 to 415 months, 300 months is also appropriate because of the lack of violence in Defendant's criminal history. Defendant's sexual battery was a crime of violence, in that it carried with it a substantial

---

[3] Christopher C. Cruickshank & Kyle R. Dyer, "A review of the clinical pharmacology of methamphetamine," Addiction, 104, 1085–1099 (June 2009); http://onlinelibrary.wiley.com/doi/10.1111/j.1360-0443.2009.02564.x/pdf

1  risk of the use of physical force and a substantial risk of physical injury; it was a reprehensible

2  violation of two young girls.  PSR ¶ 45.  At the same time, the PSR indicates that Defendant's

3  sexual abuse of his victims was effected through the use of alcohol and coercion, as opposed to

4  active violence or threats.  PSR ¶ 45.  Defendant's later arrest for sexual battery was somewhat

5  similar.  *Id.* ¶ 51.  There is no record of other physical assaults, beatings, attempted murder, or

6  other types of violent crime.

7        In light of the nature of this crime and Defendant's history and characteristics, the

8  government agrees with United States Probation that the Court should impose a special search

9  condition with his term of supervised release:

10                              Special Condition (Searches)

11     The defendant shall submit his person, residence, office, vehicle, or any property under
       his control to a search.  Such a search shall be conducted by a United States Probation
12     Officer or any federal, state, or local law enforcement officer at any time with or without
       without reasonable suspicion.  Failure to submit to such a search may be grounds for
13     revocation; the defendant shall warn any residents that the premises may be subject to
       searches.
14

15

16        The government also agrees that the items specified in the proposed order of judgment

17  and listed in the plea agreement be forfeit to the United States.

18                                   **CONCLUSION**

19        In full consideration of the defendant's history and characteristics together with the goals

20  of sentencing, the United States respectfully requests that the Court sentence the defendant

21  Arnoldo Sanchez Farias to 300 months in custody, followed by ten years of supervised release,

22  with the special search condition in the plea agreement, forfeiture of the items specified in the

23  plea agreement, and a $200 special assessment.

24  Dated: July 17, 2013                          Respectfully submitted,

25                                                MELINDA HAAG
                                                  United States Attorney
26

27                                                  /s/
                                                  KEVIN J. BARRY
28                                                Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 11-0647 RS                                  10

# ATTACHMENT A

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT - DETERMINATE
## *[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **SONOMA**                                                CR-290

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA vs. <br> DEFENDANT: **ARNOLDO SANCHEZ FARIAS**        DOB: **05-21-78** | **F I L E D** <br> SUPERIOR COURT OF CALIFORN <br> COUNTY OF SONOMA |

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **ARNOLDO SANCHEZ FARIAS**        DOB: **05-21-78**

AKA:

CII#:

BOOKING #:                                          ☐ NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT                                ☐ AMENDED
                                                      ABSTRACT

SCR 32684                -A

-B

-C

-D

**MAR 0 3 2004**

BY *P. Murray*
**Deputy Clerk**

| DATE OF HEARING **02-26-04** | DEPT. NO. **3** | JUDGE **L. G. ANTOLINI** |
|---|---|---|
| CLERK **P. SCHULZE** | REPORTER **S. HARDGROVE** | PROBATION NO. OR PROBATION OFFICER **117440** |
| COUNSEL FOR PEOPLE **R. WANER** | | COUNSEL FOR DEFENDANT **A. CHAPMAN**        ☐ APPTD. |

1.  Defendant was convicted of the commission of the following felonies:
    ☐ Additional counts are listed on attachment
    ___ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY JURY | CONVICTED BY COURT | PLEA | TERM (L.M.U) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON-VIOLENT | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS | 11378 | POSSESS METH FOR SALE | 2002 | 01-06-04 | | | X | M | | | | | | | 2 | 0 |
| 3 | PC | 496(a) | POSSESS STOLEN PROPERTY | 2002 | 01-06-04 | | | X | M | | | | X | | | | 8 |
| | | | | | · · | | | | | | | | | | | | |
| | | | | | · · | | | | | | | | | | | | |
| | | | | | · · | | | | | | | | | | | | |
| | | | | | · · | | | | | | | | | | | | |

2.  ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series).  List each count enhancement horizontally.  Enter time imposed for each or "S" for stayed.  DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3.  ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series).  List all enhancements horizontally.  Enter time imposed for each or "S" for stayed.  DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 667.5(b) PC | 1Y | | | | | | 1 | 0 |
| | | | | | | | | |
| | | | | | | | | |

4.  ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5.  INCOMPLETED SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |
| | |

6.  TOTAL TIME ON ATTACHED PAGES: _____

7.  ☐ Additional indeterminate term (see CR-292).

8.  TOTAL TIME EXCLUDING COUNTY JAIL TERM: **3** | **8**

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences.  Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California
CR –290 (Rev. January 1, 2003)

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
### *[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]*

Penal Code,
§§ 1213, 1213.5

ASF000014

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **ARNOLDO SANCHEZ FARIAS**

| SCR 32684    -A | | -B | | -C | | -D |
|---|---|---|---|---|---|---|

**9.    FINANCIAL OBLIGATIONS** (including any applicable penalty assessments):

a.    <u>Restitution Fine(s)</u>:

Case A: **$2,000**         per PC 1202.4(b) forthwith per PC 2085.5:
Case B: $_____          per PC 1202.4(b) forthwith per PC 2085.5:          **$2,000**         per PC 1202.45 suspended unless parole is revoked.
Case C: $_____          per PC 1202.4(b) forthwith per PC 2085.5:          $_____          per PC 1202.45 suspended unless parole is revoked.
Case D: $_____          per PC 1202.4(b) forthwith per PC 2085.5:          $_____          per PC 1202.45 suspended unless parole is revoked.
                                                                              $_____          per PC 1202.45 suspended unless parole is revoked.

b.    <u>Restitution per PC 1202.4(f)</u>:

Case A: $_____          ☐ Amount to be determined    to ☐ victim(s)*    ☐ Restitution Fund
Case B: $_____          ☐ Amount to be determined    to ☐ victim(s)*    ☐ Restitution Fund
Case C: $_____          ☐ Amount to be determined    to ☐ victim(s)*    ☐ Restitution Fund
Case D: $_____          ☐ Amount to be determined    to ☐ victim(s)*    ☐ Restitution Fund

(*List victim name(s) if known and amount breakdown in item 11, below.)

c.    <u>Fine(s)</u>:

Case A: $_____    per PC 1202.5. $_____    per VC 23550 or _____ days    ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case B: $_____    per PC 1202.5. $_____    per VC 23550 or _____ days    ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case C: $_____    per PC 1202.5. $_____    per VC 23550 or _____ days    ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case D: $_____    per PC 1202.5. $_____    per VC 23550 or _____ days    ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

d.    <u>Lab Fee and Drug Program Fee</u>:

Case A: Lab Fee: $_____    per HS 11372.5(a) for counts _____ .    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case B: Lab Fee: $_____    per HS 11372.5(a) for counts _____ .    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case C: Lab Fee: $_____    per HS 11372.5(a) for counts _____ .    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case D: Lab Fee: $_____    per HS 11372.5(a) for counts _____ .    ☐ Drug Program Fee of $150 per HS 11372.7(a).

**10.  TESTING**

a.  ☐ AIDS pursuant to PC 1202.1    b. ☐ DNA pursuant to PC 296    c. ☐ other (specify):

**11.  Other orders** (specify):

Not to own, possess, control firearms or ammo.  Defendant to register per 11590 HS.  Defendant to pay $20 court security fee through CDC as directed.

**12.  EXECUTION OF SENTENCE IMPOSED**

a. ☒ at initial sentencing hearing.
b. ☐ at resentencing per decision on appeal.
c. ☐ after revocation of probation.
d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
e. ☐ other (specify):

**13.  CREDIT FOR TIME SERVED**

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|
| A | 529 | 353 | 176 | ☐ 4019 ☐ 2933.1 |
| B | | | | ☐ 4019 ☐ 2933.1 |
| C | | | | ☐ 4019 ☐ 2933.1 |
| D | | | | ☐ 4019 ☐ 2933.1 |

Date Sentence Pronounced:    **02-26-04**

Time Served in State Institution:
DMH [    ]    CDC [    ]    CRC [    ]

**14.  The defendant is remanded to the custody of the sheriff ☒ forthwith    ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to    ☒ the reception center designated by the director of the California Department of Corrections.
☐ other (specify):**

**CLERK OF THE COURT**
I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE    *P. Murray*

DATE    **03-03-04**

CR-290 (Rev. January 1, 2003)        **ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE**

ASF000015        Page 2 of 2



THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE ORIGINAL ON FILE IN
THIS OFFICE.

ATTEST: **AUG 2 5 2011**

Clerk of the Superior Court of California
County of Sonoma
By _____ Deputy Clerk

ASF000016

THE WITHIN INSTRUMENT IS A CORRECT COPY OF THE ORIGINAL ON FILE IN THIS OFFICE.

ATTEST: AUG 2 5 2011

Clerk of the Superior Court of California County of Sonoma
BY _____ Deputy Clerk

1    STEPHAN R. PASSALACQUA, #138099
     District Attorney, County of Sonoma

2    ALEXANDER J. McMAHON, #113217
     Deputy District Attorney

3    Hall of Justice, Room 212-J
     600 Administration Drive

4    Santa Rosa, CA 95403
     (707) 565-2311

5

6    Attorney for The People

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

JAN 06 2004

BY _____ J. Hudson
Deputy Clerk

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA

8    THE PEOPLE OF THE STATE OF CALIFORNIA,     )    COURT NO.   **SCR-32684**/~~33109~~
                                     Plaintiff,  )    D.A. NO.    DAR-457024/462710
9                                                )
                       vs.                       )
10                                               )    FIRST CONSOLIDATED
                                                 )    INFORMATION
     ARNOLDO SANCHEZ FARIAS                       )    11378 HS
11                                               )    148(a)(1) PC (M)
                                                 )    496(a) PC
12                                               )
                                      Defendant  )
13

14                                       COUNT I

15        The said defendant, **ARNOLDO SANCHEZ FARIAS,** is accused by the District Attorney

16   of and for the County of Sonoma, State of California, by this Information, of a **felony**, in that on or

17   about the **17th day of December, 2002**, in the County of Sonoma, State of California, the said

18   defendant, **ARNOLDO SANCHEZ FARIAS,** did violate Section **11378** of the HEALTH &

19   SAFETY CODE, in that he did unlawfully possess for purpose of sale a controlled substance, to wit,

20   METHAMPHETAMINE.

21        Notice: Conviction of this offense will require you to register pursuant to Health and Safety

22   Code section 11590. Failure to do so is a crime pursuant to Health and Safety Code section 11594.

23        It is further alleged that the above offense is a violation of Penal Code section

24   1203.073(b)(2).

25                                      COUNT II

26        As and for a further and separate cause of action, being a different offense from but

1

ASF000017

1  connected in its commission with crimes set forth hereinabove, the said defendant, **ARNOLDO**

2  **SANCHEZ FARIAS,** is accused by the District Attorney of and for the County of Sonoma, State of

3  California, by this Information, of a  **misdemeanor,** in that on or about the **17th day of December,**

4  **2002,** in the County of Sonoma, State of California, the said defendant did violate Section **148(a)(1)**

5  of the PENAL CODE, in that the said defendant did willfully and unlawfully resist, delay and

6  obstruct OFFICER PAUL ACCORNERO who was then and there a peace officer attempting to and

7  discharging the duty of his office and employment.

8  COUNT III

9      As and for a further and separate cause of action, being a different offense from but

10  connected in its commission with crimes set forth hereinabove, the said defendant, **ARNOLDO**

11  **SANCHEZ FARIAS,** is accused by the District Attorney of and for the County of Sonoma, State of

12  California, by this Information, of a  **felony,** in that on or about the **17th day of December, 2002,** in

13  the County of Sonoma, State of California, the said defendant did violate Section **496(a)** of the

14  PENAL CODE, in that the said defendant did unlawfully buy, receive, conceal, sell, withhold, and

15  aid in concealing, selling, and withholding property, to wit, DRIVER'S LICENSES, ID CARDS,

16  CREDIT CARDS, MEMBERSHIP CARDS, which had been stolen and obtained by extortion,

17  knowing that said property had been stolen and obtained by extortion.

18  **PRIOR PRISON CONVICTION**

19      It is further alleged as to Count I & III that the defendant, ARNOLDO SANCHEZ FARIAS,

20  was on and about the 12th day of August, 1998, in the Superior Court of the State of California for

21  the County of San Mateo, Case Number SC042562A, convicted of the crime of SEXUAL

22  BATTERY(2 CTS) and ATTEMPT TO PREVENT VICTIM FROM REPORTING CRIME, a

23  felony, in violation of Section 243.4(a) and 136.1(b)(1) of the Penal Code, and that he  did not

24  remain free of prison custody for, and did commit an offense resulting in a felony conviction during,

25  a period of five years subsequent to the conclusion of said term, within the meaning of Penal Code

26  Section 667.5(b).

2

ASF000018

1

## **PRIOR STRIKE CONVICTION**

2       It is further alleged as to Count I & III pursuant to Penal Code section 1170.12 that the

3   defendant, ARNOLDO SANCHEZ FARIAS, has suffered a conviction of a serious or violent felony

4   or juvenile adjudication for the crime of PREVENT VICTIM FROM MAKING REPORT, in

5   violation of Section 136.1(b)(1) of the Penal Code, Case Number SC042562A,  in the County of San

6   Mateo, State of California, on the 12th day of August, 1998.

7       Contrary to the form, force and effect of the Statute in such case made and provided and

8   against the peace and dignity of the People of the State of California.

9                                STEPHAN R. PASSALACQUA, DISTRICT ATTORNEY
                                 County of Sonoma, State of California
10

11                               BY:_____

12                                   ALEXANDER J. McMAHON
                                     Deputy District Attorney
     00001449

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3

ASF000019

THE WITHIN INSTRUMENT IS A CORRECT COPY OF THE ORIGINAL ON FILE IN THIS OFFICE.

ATTEST   AUG 2 5 2011

Clerk of the Superior Court of California
County of Sonoma
By_____ Deputy Clerk

1   STEPHAN R. PASSALACQUA, #138293
    District Attorney, County of Sonoma
2   ALEXANDER J. MCMAHON, #113217
    Deputy District Attorney
3   Hall of Justice, Room 212-J
    600 Administration Drive
4   Santa Rosa, CA  95403
    (707) 565-2311
5
    Attorney for The People
6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA

8   THE PEOPLE OF THE STATE OF CALIFORNIA,   )   COURT NO.
                                   Plaintiff, )   D.A. NO.      DAR-457024
9                                             )
                   vs.                        )
10                                            )
                                              )   INFORMATION
    ARNOLDO SANCHEZ FARIAS                    )   11378 HS
11                                            )   148(a)(1) PC (M)
                                              )
12  _____ Defendant  )

13                                  COUNT I

14          The said defendant, **ARNOLDO SANCHEZ FARIAS,** is accused by the District Attorney

15  of and for the County of Sonoma, State of California, by this Information, of a **felony**, in that on or

16  about the **17th day of December, 2002**, in the County of Sonoma, State of California, the said

17  defendant, **ARNOLDO SANCHEZ FARIAS,** did violate Section **11378** of the HEALTH &

18  SAFETY CODE, in that he did unlawfully possess for purpose of sale a controlled substance, to wit,

19  METHAMPHETAMINE.

20          Notice: Conviction of this offense will require you to register pursuant to Health and Safety

21  Code section 11590. Failure to do so is a crime pursuant to Health and Safety Code section 11594.

22          It is further alleged pursuant to Penal Code section 1203.073(b)(2)  that the defendant,

23  ARNOLDO SANCHEZ FARIAS, possessed for sale and sold 57 grams and more of a substance

24  containing methamphetamine.

25                                 COUNT II

26          As and for a further and separate cause of action, being a different offense from but

                                        1

ASF000020

1   connected in its commission with crimes set forth hereinabove, the said defendant, **ARNOLDO**

2   **SANCHEZ FARIAS,** is accused by the District Attorney of and for the County of Sonoma, State of

3   California, by this Information, of a **misdemeanor**, in that on or about the **17th day of December,**

4   **2002**, in the County of Sonoma, State of California, the said defendant did violate Section **148(a)(1)**

5   of the PENAL CODE, in that the said defendant did willfully and unlawfully resist, delay and

6   obstruct OFFICER PAUL ACCORNERO who was then and there a peace officer attempting to and

7   discharging the duty of his office and employment.

8   **PRIOR PRISON CONVICTION**

9      It is further alleged as to Count I that the defendant, ARNOLDO SANCHEZ FARIAS, was

10   on and about the 12th day of August, 1998, in the Superior Court of the State of California for the

11   County of San Mateo, Case Number SC042562A, convicted of the crime of SEXUAL BATTERY (2

12   counts) and ATTEMPT TO PREVENT VICTIM FROM REPORTING CRIME, felonies, in

13   violation of Section 243.4(a) and 136.1(b)(1) of the Penal Code, and that he did not remain free of

14   prison custody for, and did commit an offense resulting in a felony conviction during, a period of

15   five years subsequent to the conclusion of said term, within the meaning of Penal Code Section

16   667.5(b).

17      Contrary to the form, force and effect of the Statute in such case made and provided and

18   against the peace and dignity of the People of the State of California.

19          STEPHAN R. PASSALACQUA, DISTRICT ATTORNEY
       County of Sonoma, State of California

20

21          BY: _____

22          ALEXANDER J. MCMAHON
       Deputy District Attorney

23   00001098

24

25

26

2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

THE PEOPLE OF THE STATE OF CALIFORNIA, )
                      vs. )     FIRST AMENDED MCR 418252
                                   )
                                   )
                                 )     FELONY COMPLAINT  **FILED**
ARNOLDO SANCHEZ FARIAS        )     Section 496(a) PC
                                 )              JUN 1 0 2003
                      Defendant  )
                                            SUPERIOR COURT OF CALIFORNIA
                                          COUNTY OF SONOMA
                                          By           DEPUTY CLERK

     THE UNDERSIGNED, being duly sworn, deposes and says, upon information and belief, that the said defendant, **ARNOLDO SANCHEZ FARIAS,** did, in the County of Sonoma, State of California, on or about the **17th day of December, 2002,** violate Section **496(a)** of the PENAL CODE, a **felony**, in that he did unlawfully buy, receive, conceal, sell, withhold, and aid in concealing, selling, and withholding property, to wit, DRIVERS LICENSES, ID CARDS, CREDIT CARDS, MEMBERSHIP CARDS, which had been stolen and obtained by extortion, knowing that said property had been stolen and obtained by extortion.

## PRIOR STRIKE CONVICTION

     It is further alleged as to Count I pursuant to Penal Code section 1170.12 that the defendant, ARNOLDO SANCHEZ FARIAS, has suffered a conviction of a serious or violent felony or juvenile adjudication for the crime of PREVENT A VICTIM FROM MAKING A REPORT, in violation of Section 136.1(b)(1) of the Penal Code, Case Number SC042562A, in the County of San Mateo, State of California, on the 12th day of August, 1998.

## PRIOR PRISON CONVICTION

     It is further alleged as to Count I that the defendant, ARNOLDO SANCHEZ FARIAS, was on and about the 12th day of August, 1998, in the Superior Court of the State of California for the County of San Mateo, Case Number SC042562A, convicted of the crime of SEXUAL BATTERY and PREVENTING A VICTIM FROM MAKING A REPORT, a felony, in violation of Section 243.4(a) and 136.1(b)(1) of the Penal Code, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term, within the meaning of Penal Code Section 667.5(b).

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

THE WITHIN INSTRUMENT IS A CORRECT COPY OF THE ORIGINAL ON FILE IN THIS OFFICE
ATTEST: AUG 2 5 2011
Clerk of the Superior Court of California
County of Sonoma
By _____ Deputy Clerk

Complainant therefore prays that a warrant issue and that said defendant be dealt with according to law.

DEPUTY DISTRICT ATTORNEY

Subscribed and sworn to before me this ⎯10⎯ day of ⎯⎯June⎯⎯ , 20⎯03⎯

Clerk of the Superior Court

6/09/2003
RJW/man
PET 029293
MCR-418252
DAR-462710

## ***IN CUSTODY***

[  ]   It appearing that the offense(s) of _____

_____

_____

in the complaint has been committed and there is sufficient cause to believe the defendant

guilty, I order that   he   be held to answer to the Superior Court.  It is further ordered that

he   _____, be committed to the Sheriff of the County of

Sonoma, and be held in custody until bail is posted in the amount of ($_____)

_____ dollars.

## ***OUT OF CUSTODY***

[  ]   It appearing that the offense(s) of _____

_____

_____

in the complaint has been committed and there is sufficient cause to believe the defendant

guilty, I order that   he   be held to answer to the Superior Court.  The defendant   remains

released as follows:

[  ]   Own Recognizance

[  ]   Supervised Own Recognizance

[  ]   Cited to Appear

[  ]   Cash Bail in the amount of $_____ having been posted

[  ]   Bail Bond #_____ in the amount of $_____

remains in full force and effect.

_____

**Judge of the Superior Court**

**Dated**_____

ASF000024

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SONOMA

Case # SCR 32684    Date: 2-26-07 Time: 9AM Courtroom # 3    1st App:

Judge: L. G. ANTOLINI    Reporter: S. HARDGROVE Sworn Interpreter:
Deputy D.A.: R. WANER    Clerk: P. SCHULZE    Probation Officer: V. STARKEY
**PEOPLE VS.**    [DE ]

FARIAS, ARNOLDO SANCHEZ

Charges: 1) F 11378 HS   2) M 148 (a)(1)PC   3) F 496 (a) PC

## [W] NATURE OF PROCEEDINGS: SENTENCING - STATE PRISON   SENTENCING

**DEFENDANT** [1] present [2] not present [3] present in custody [4] not present in custody [A] pro per [5] remanded into custody
[6] Counsel [7] Pub. Def. A. CHAPMAN _____ present [8] **CRIMINAL PROCEEDINGS REINSTATED**
[9] **BENCH WARRANT RECALLED BAIL** [10] reinstated [11] exonerated [12] reinstated & exonerated
[13] Court has read & reviewed report(s) & other documents. Defendant waives formal arraignment. [14] No legal cause why judgment should
not be pronounced [15] Defendant having been convicted, **COURT PRONOUNCES SENTENCE.** [16] Probation [A] revoked [B] reinstated [C] terminated
[17] Sentence heretofore imposed to execute. [18] Probation denied - Court states reasons [19] **Defendant sentenced** [20] **STATE PRISON**
[21] **Amended** [A] sentence [B] minute order [C] abstract to be prepared [22] Probation hrg. **HELD** [23] Probation report filed

| Case No. | Ct | Violation | F/M | Prior | Enhancement | Stayed | L/M/U | Cons | Conc | Base Term | Total Term |
|----------|----|-----------|-----|-------|-------------|--------|-------|------|------|-----------|-----------|
| SCR 32684 | 1 | 11378 HS | F | | | | M | | | | 2 YRS |
| '' '' | 3 | 496 (a) PC | F | | | | 1/3 m | X | | | 8 mas |
| | | | | | 667.5 (b) PC | | | X | | | 1 YR |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

SUPERIOR COURT OF CALIFORNIA
THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE ORIGINAL ON FILE IN
THIS OFFICE.
ATTEST: AUG 2 5 2011
Clerk of the Superior Court of California
County of Sonoma
by _____ Deputy Clerk
COUNTY OF SONOMA

**TOTAL AGGREGATE TERM:** 3 YEARS 8 MOS

[23] Circumstances in mitigation [24] Mitigating factors outweigh those in aggravation [25] Aggravation factors outweigh those in mitigation
[26] Stated on the record [27] Prior conviction _____ [28] Prior strike _____ [29] _____ enhancement as to Ct(s) _____ [A] Stricken
[30] Term prescribed by law [31] _____ years to life [31] Life with parole [33] Life without parole [34] Death penalty
[35] Ct _____ double the base term per [A] 1170.12 PC [B] 667(a)(b) PC _____ [C] _____
Defendant advised of [36] Appellate rights [37] Parole rights [38] 1191.3 PC credits
[39] Not to own, possess, have custody or control of firearms or ammunition per Federal and State law.
[40] Restitution fine $ 2000 [A] per 1202.4(a)(3)(b) PC [B] per 290.3 PC [C] per 294 PC, as directed by California Dept. Of Corrections
[41] Restitution fine $ 2000 per 1202.45 PC, suspended unless parole is revoked
[42] Restitution $_____ deemed a civil judgment per [A] 1203(j) PC [B] 1214(b) PC
[43] Restitution per 1202.4 PC as follows: $_____ to victim _____, and to the Victim Compensation Board in the amount of $_____
Defendant to [44] provide two (2) blood & saliva samples per 296 PC for DNA testing [45] Submit to HIV blood test per 1202.1 PC
[46] Register per [A] 290 PC [B] 11590 HS [47] Have no contact with minor victim per 1202.05 PC [48] HIV test results served in open court

## [49] EXECUTION OF SENTENCE SUSPENDED    [50] 3051 W&I PROCEEDINGS INSTITUTED

[51] Dr. _____ appointed to examine Defendant. [52] Report due _____
[54] **Court finds** [A] Defendant addicted or in danger of becoming addicted [B] Contested [C] Uncontested [D] not addicted - commitment denied
[55] Counsel stipulated to addiction. Referral waived [56] Alienist report waived [57] D.A. to file 3051 W&I petition within seven (7) days
[58] Defendant committed to CRC for a period not exceed _____ years _____ months [59] Defendant committed to CYA
[60] Defendant discharged from civil addict program [A] Civil commitment is vacated
[61] Defendant sentenced to CDC - to be housed at CYA per 1731.5 W&I [62] Defendant to remain at County Jail until accepted at CYA
[63] Sheriff to transport to [A] San Quentin [B] Valley State Prison [C] CRC [D] CYA [E] Other _____
[64] Ct(s) 2 dismissed [A] per plea agreement [B] in the interest of justice [65] Reporter to prepare transcript
[66] Credit for time served **TOTAL** 529 Days ( 353 actual + 176 conduct)
[67] Refer to Probation Dept. for RPO re: [A] CTS [B] Other _____
[68] Continued to _____ Ctrm _____ for _____

$20 COURT SECURITY FEE THROUGH
CDC AS DIRECTED
_____

Judge of the Superior Court

ASF000025

**FELONY SENTENCE - PRISON**

2/18/03          6/30/03

Case # SCR-32684     Date: 1/06/04 Time: 01:30p Courtroom # S4     1st App:          Target:

Judge: CERENA WONG     L. Antolini     Reporter: T H / S Horoyer Sworn Interpreter: () Kel NUSZ     INT
Deputy D.A.:     LEO     Clerk: CW / 2 Hudson     [112]          Interpreter needed next date
PEOPLE VS.     A. mcmahon [DE 1 ]     [A32] Probation Officer present _____

FARIAS, ARNOLDO SANCHEZ     [A] gives oral report to court

Agency # PET-029287     DDL: CA B5107283     DOB: 5/21/78

Charges: 1) F 11378 HS     2) M 148(a)(1) PC

| N | **NATURE OF PROCEEDINGS:** PRETRIAL CONFIRMATION | Trans to Dept S3 |

**DEFENDANT** [1] present [2] not present [3] present in custody [4] not present in custody [A] pro per [5] waiver of personal appearance filed
[6] Pub. Def. L. Chapman _____ [7] appointed [8] relieved [22] True name is _____
[9] Defense Csl. _____ [10] generally [11] relieved [23] Defendant advised of charges/allegations [24] Stipulates to arraignment
[12] Conflict Csl. _____ 1st Consolidated [14] appointed [15] relieved [25] Advised of constitutional rights [26] Waives reading of Information
[16] Complaint [17] Information [A] filed [B] _____ amended [A] Complaint [B] Constitutional rights [C] Alien advisement given per 1016.5 PC
[18] Defense provided with [A] Complaint [B] Discovery     Complaint not filed [27] Defendant discharged [28] Continued for complaint
[19] Complaint amended to _____     [29] Mutual discovery granted by _____ [30] Judge recuses self per 170.1 CCP
[20] Charge(s) amended to _____     [31] 170.6 CCP filed re: Judge _____ by [A] DA [B] Defense
[21] Ct(s). _____ deemed misd. per [A] 17b4 PC [B] 17b5 PC [32] Defendant advised of [A] PD reg fee [B] possible fee assessment for counsel

| O | **BAIL/CUSTODIAL STATUS** | WARRANT [15] RECALLED [18] remains out |

DEFENDANT [1] REMANDED [2] RELEASED FROM CUSTODY     [19] Bail set $ _____ [A] as set [20] NO BAIL
BAIL [3] forfeited [4] reinstated [5] exonerated     Bail [21] increased to _____ [22] reduced to _____
[6] Reassumption of liability filed [7] Bail reinstated and exonerated     Mtn. for [24] OR [25] Sup. OR [A] granted [B] denied [C] conditions attached
[8] Bench warrant to issue per _____ Bail $ _____     [26] OR [27] Sup. OR [A] reinstated [B] revoked [C] terminated [D] continued
[9] D.A. to prepare declaration & warrant     [10] EXECUTION STAYED [28] Summary judgment extended to _____

| P | **DEF. PLEADS** | [1] Not Guilty [2] NGI [3] Not guilty plea w/drawn COURT FINDS [19] factual basis for plea [20] admission [21] Def. |

[4] Prior(s) denied [5] Enhancements/allegations denied     knowingly, intelligently, freely, voluntarily waives rights [22] Defendant guilty
Advised of [6] max. penalties [7] future consequences [8] understands & [23] People's motion to dismiss counts remaining of sentencing granted
waives each right [9] Defense Csl joins in waiver [10] TAHL waiver filed [24] Plea per 1192.5 PC [25] Fingerprint form filed
[11] GUILTY [12] NO CONTEST L 11378 45 143 491(a) PC [26] Defendant to be booked, fingerprinted, and released forthwith
[13] Priors _____ dated _____ [A] admitted [B] stricken [27] People recommend 3yrs 8 mos CDC
[14] Prison Priors 667.5 dated 8/12/48 [A] admitted [B] stricken [28] Court indicates _____
[15] Enhancements _____ dated _____ [A] admitted [B] stricken
[16] Strikes 1170.12 dated 8/2/49 [A] admitted [B] stricken [29] Def. enters [A] Arbuckle [B] Harvey waiver re: _____
[17] Spec. circumstances _____ [A] admitted [B] stricken [30] VC Priors _____ found constitutionally [A] valid [B] invalid
Def. stipulates to [18] factual basis for plea [A] probable cause for arrest [31] Motor vehicle used in the commission of a felony (for DMV reporting)

| E | **PROBATION** [1] Referred to Prob. Dept. for RPO [2] re-referral [A] OR Bail Reduction [B] Presentence [C] VOP [D] NBRC [E] Post Sentence [F] Other |

[7] Cont. to 2-26-04 9Am Ctrm 3 [9] Report due 2-19-04 _____ [10] Transcript due _____ [11] Prob. Report filed

| R | **CALENDAR SETTINGS/WAIVERS** | |

DEFENDANT [1] waives time to _____ [A] plus _____ days     MOTION [24] 1538.5 PC [25] 995 PC [26] 1050 PC [27] 1275 PC Bail Source
[2] does not waive time [3] withdraws time waiver     [28] Change Venue [29] Vacate judgment [30] Marsden [31] Other Consolidate
Waives time for [4] sentencing [5] referral [6] prelim [A] 10 [B] 60 days [A] Filed [B] Set _____ Ctrm _____ [C] HELD
[7] advised of right to prelim [8] waives same [9] People waive prelim [D] granted [E] denied [F] taken under submission [G] withdrawn
                    HELD [33] Dr. Use # SCR 32654 Control #. appointed to examine defendant
[10] Prelim. hrg. set _____ Ctrm _____ [A]     at expense of [A] Court [B] DA [C] Defense [D] Conflict Counsel
[11] The Complaint will be deemed the Information for all purposes     [34] Report due _____; appointment per _____
[12] Cert per 1368 PC for hrg. _____ Ctrm _____ [A] DEF. [35] committed to [A] CDC for 90 day diagnostic per 1203.03 PC
[13] Proceeding suspended & case Certified to Juvenile Court     [B] CYA for 90 day observation per 707.2 W&I
[14] Cert. to Trial Dept. for hrg. _____ Ctrm _____ [A] [36] found mentally [A] competent [B] incompetent [37] Refer to Mental Health
[15] Jury Trial set 1-21-04 to VACated Ctrm _____ [A] [38] committed to _____ State Hosp. [A] contested [B] uncontested
[16] Pretrial set _____ Ctrm _____ [A] [39] If sentenced to prison, term would be _____ yrs/mos. Credits _____
[17] Readiness set _____ Ctrm _____ [A] CRIMINAL PROCEEDINGS [40] suspended [41] reinstated
[18] Hearing set _____ Ctrm _____ [A] [42] Refer to Project Intercept - contact within 48 hrs. [43] Report filed
[19] Trial date confirmed _____ [20] Time estimate _____ [44] P.I. [45] NBRC on ct(s) _____ [A] accepted [B] rejected [C] vacated
[21] VACATED     Terminate [46] successfully [47] unsuccessfully [A] P.I. [B] NBRC
[22] Criminal Protective Order [A] issued & filed [B] vacated [C] served [48] Guilty plea for deferred entry of judgment on ct(s) _____
[23] Cont to 2-26-04 9 Am Ctrm 3     [49] Referral for HIV test per [A] 1524.5 PC [B] 1202.1 PC ordered & filed
Sentencing     [50] Plea of guilty/conviction set aside [51] Case dismissed per 1203.4 PC
_____     [52] Case [53] Cts. _____ DISMISSED [A] Peoples's motion
Bail transferred to [XFRS] SCR case [XFRM] MCR case     [54] _____

[55] Booking Fee $ _____     223  BFF

ASF000026

FELONY ARRAIGNMENT     [ ] SEE NEXT PAGE

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

Case # SCR-33109     Date: 1/05/04 Time: 01:30 Courtroom # S4     1st App: 7/17/03     Target: 11/26/0

Judge: CERENA WONG / L. Antolini     Reporter: N. B. Hardgrow Sworn Interpreter: _____ INT
Deputy D.A.: _____     Clerk: Cw / Hueler     [I12] _____ Interpreter needed next date
PEOPLE VS.     AEO / a. mcmaho [DE 1]     [A32] Probation Officer present _____
FARIAS, ARNOLDO SANCHEZ     [A] gives oral report to court

Agency # PET-029293     DDL: CA B5107283     DOB: 5/21/78

Charges: 1) F 496(a) PC

**N** | **NATURE OF PROCEEDINGS:** PRETRIAL CONFIRMATION     Bums to Depts3

DEFENDANT [1] present [2] not present [3] present in custody [4] not present in custody [A] pro per [5] waiver of personal appearance filed
[6] Pub. Def. A. Chapman _____ [7] appointed [8] relieved [22] True name is _____
[9] Defense Csl. _____ [10] generally [11] relieved [23] Defendant advised of charges/allegations [24] Stipulates to arraignment
[12] conflict Csl. _____ [14] appointed [15] relieved [25] Advised of constitutional rights [26] Waives reading of Information
[16] Complaint [17] Information [A] filed [B] _____ amended [A] Complaint [B] Constitutional rights [C] Alien advisement given per 1016.5 PC
[18] Defense provided with [A] Complaint [B] Discovery     Complaint not filed [27] Defendant discharged [28] Continued for complaint
[19] Complaint amended to _____     [29] Mutual discovery granted by _____ [30] Judge recuses self per 170.1 CCP
[20] Charge(s) amended to _____     [31] 170.6 CCP filed re: Judge _____ by [A] DA [B] Defense
[21] Ct(s). _____ deemed misd. per [A] 17b4 PC [B] 17b5 PC [32] Defendant advised of [A] PD reg fee [B] possible fee assessment for counsel

**O** | **BAIL/CUSTODIAL STATUS**     WARRANT [15] RECALLED [18] remains out
DEFENDANT [1] REMANDED [2] RELEASED FROM CUSTODY     [19] Bail set $ _____ [A] as set [20] NO BAIL
BAIL [3] forfeited [4] reinstated [5] exonerated     Bail [21] increased to _____ [22] reduced to _____
[6] Reassumption of liability filed [7] Bail reinstated and exonerated     Mtn. for [24] OR [25] Sup. OR [A] granted [B] denied [C] conditions attached
[8] Bench warrant to issue per _____ Bail $ _____     [26] OR [27] Sup. OR [A] reinstated [B] revoked [C] terminated [D] continued
[9] D.A. to prepare declaration & warrant     [10] EXECUTION STAYED [28] Summary judgment extended to _____

**P** | **DEF. PLEADS** [1] Not Guilty [2] NGI [3] Not guilty plea w/drawn     COURT FINDS [19] factual basis for plea [20] admission [21] Def.
[4] Prior(s) denied [5] Enhancements/allegations denied     knowingly, intelligently, freely, voluntarily waives rights [22] Defendant guilty
Advised of [6] max. penalties [7] future consequences [8] understands &     [23] People's motion to dismiss counts remaining of sentencing granted
waives each right [9] Defense Csl joins in waiver [10] TAHL waiver filed     [24] Plea per 1192.5 PC [25] Fingerprint form filed
[11] GUILTY [12] NO CONTEST _____     [26] Defendant to be booked, fingerprinted, and released forthwith
[13] Priors _____ dated _____ [A] admitted [B] stricken     [27] People recommend _____
[14] Prison Priors _____ dated _____ [A] admitted [B] stricken     [28] Court indicates _____
[15] Enhancements _____ dated _____ [A] admitted [B] stricken
[16] Strikes _____ dated _____ [A] admitted [B] stricken     [29] Def. enters [A] Arbuckle [B] Harvey waiver re: _____
[17] Spec. circumstances _____ [A] admitted [B] stricken     [30] VC Priors _____ found constitutionally [A] valid [B] invalid
Def. stipulates to [18] factual basis for plea [A] probable cause for arrest [31] Motor vehicle used in the commission of a felony (for DMV reporting)

**E** | **PROBATION** [1] Referred to Prob. Dept. for RPO [2] re-referral [A] OR Bail Reduction [B] Presentence [C] VOP [D] NBRC [E] Post Sentence [F] Other
[7] Cont. to _____ Ctrm _____ [9] Report due _____ [10] Transcript due _____ [11] Prob. Report filed

**R** | **CALENDAR SETTINGS/WAIVERS**
DEFENDANT [1] waives time to _____ [A] plus _____ days     MOTION [24] 1538.5 PC [25] 995 PC [26] 1050 PC [27] 1275 PC Bail Source
[2] does not waive time [3] withdraws time waiver     [28] Change Venue [29] Vacate judgment [30] Marsden [31] Other _____
Waives time for [4] sentencing [5] referral [6] prelim [A] 10 [B] 60 days [A] Filed [B] Set _____ Ctrm _____ [C] HELD
[7] advised of right to prelim [8] waives same [9] People waive prelim [D] granted [E] denied [F] taken under submission [G] withdrawn
_____ HELD [33] Dr. _____ appointed to examine defendant
[10] Prelim. hrg. set _____ Ctrm _____ [A]     at expense of [A] Court [B] DA [C] Defense [D] Conflict Counsel
[11] The Complaint will be deemed the Information for all purposes     [34] Report due _____; appointment per _____
[12] Cert per 1368 PC for hrg. _____ Ctrm _____ [A]     DEF. [35] committed to [A] CDC for 90 day diagnostic per 1203.03 PC
[13] Proceeding suspended & case Certified to Juvenile Court     [B] CYA for 90 day observation per 707.2 W&I
[14] Cert. to Trial Dept. for hrg. _____ Ctrm _____ [A]     [36] found mentally [A] competent [B] incompetent [37] Refer to Mental Health
[15] Jury trial set _____ Ctrm _____ [A]     [38] committed to _____ State Hosp. [A] contested [B] uncontested
[16] Pretrial set _____ Ctrm _____ [A]     [39] If sentenced to prison, term would be _____ yrs/mos. Credits _____
[17] Readiness set _____ Ctrm _____ [A]     CRIMINAL PROCEEDINGS [40] suspended [41] reinstated
[18] Hearing set _____ Ctrm _____ [A]     [42] Refer to Project Intercept - contact within 48 hrs. [43] Report filed
[19] Trial date confirmed _____ [20] Time estimate _____     [44] P.I. [45] NBRC on ct(s) _____ [A] accepted [B] denied [C] vacated
[21] VACATED _____     Terminate [46] successfully [47] unsuccessfully [A] P.I. [B] NBRC
[22] Criminal Protective Order [A] issued & filed [B] vacated [C] served     [48] Guilty plea for deferred entry of judgment on ct(s) _____
[23] Cont to _____ Ctrm _____     [49] Referral for HIV test per [A] 1524.5 PC [B] 1202.1 PC ordered & filed
_____     [50] Plea of guilty/conviction set aside [51] Case dismissed per 1203.4 PC
Bail transferred to [XFRS] SCR case [XFRM] MCR case     [52] Case [53] Cts. _____ DISMISSED [A] People's motion
R See SCR 32684 for further proceedings [54]     [55] Booking Fee $ _____

ASF000027     233     BFE

FELONY ARRAIGNMENT     [ ] SEE NEXT PAGE



THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE ORIGINAL ON FILE IN
THIS OFFICE

ATTEST: **AUG 2 5 2011**

Clerk of the Superior Court of California
County of Sonoma
By _____ Deputy Clerk

# ATTACHMENT B

```
J241481                 IN THE SUPERIOR COURT SOUTHERN BRANCH      08/26/11
SAN MATEO CJIS              OF THE STATE OF CALIFORNIA             10:05
ORGANIZATION: MC        IN AND FOR THE COUNTY OF SAN MATEO         PAGE   1
```

---- REGISTER OF ACTIONS ----


CASE NO. SC042562A        STATUS:   ADJUDICATED

PEOPLE V. FARIAS, ARNOLDO SANCHEZ

```
        529 OAKSIDE AV APT A                 DATE OF BIRTH: 05/21/78
        REDWOOD CITY, CA 94060
```

********************************************************************************
ATTORNEYS OF RECORD:

PROSECUTION:  ELIZABETH L. RAFFAELLI
DEFENSE:      E.PRIESTON
              (PRIVATELY RETAINED)

********************************************************************************
CHARGES, PLEAS AND DISPOSTIONS:

FILED DATE: 04/13/98

| CNT NO. | ALG NO. | CODE/SECTION | LATEST TYPE | PLEA | ------DISPOSITION------ | CONV/DISP DATE |
|------|------|------|------|------|------|------|
| 001 | PC | 261(A)(2) | F | NG | DISM - NEGOT PLEA | 06/01/98 |
| 002 | PC | 261.5(C) | F | NG | DISM - NEGOT PLEA | 06/01/98 |
| 003 | PC | 647.6(A) | M | NG | DISM - NEGOT PLEA | 06/01/98 |
| 004 | PC | 243.4(A) | F | NOL | PLED NOLO CONTENDERE | 06/01/98 |
| 005 | PC | 261(A)(2) | F | NG | DISM - NEGOT PLEA | 06/01/98 |
| 006 | PC | 261.5(C) | F | NG | DISM - NEGOT PLEA | 06/01/98 |
| 007 | PC | 136.1(B)(1) | F | NOL | PLED NOLO CONTENDERE | 06/01/98 |
| 008 | PC | 136.1(C)(1) | F | NG | DISM - NEGOT PLEA | 06/01/98 |
| 009 | PC | 243.4(A) | F | NOL | PLED NOLO CONTENDERE | 06/01/98 |
| 010 | PC | 647.6(A) | M | NG | DISM - NEGOT PLEA | 06/01/98 |

ASF000001

```
J241481                                                        08/26/11
SAN MATEO CJIS          --- REGISTER OF ACTIONS ---           10:05
ORGANIZATION: MC             CASE NO. SC042562A              PAGE   2
```

*********************************************************************
CASE SYNOPSIS:

```
04/01/98   HELD TO ANSWER IN SUPERIOR COURT SOUTHERN BRANCH
           CUSTODY STATUS: ON BAIL.
04/15/98   HEARING HELD IN DEPT. 23, SUPERIOR COURT - HALL OF JUSTICE &
           BEFORE HON. CARL W HOLM, JUDGE.
           NATURE OF PROCEEDINGS: FELONY ARRAIGNMENT.
06/01/98   HEARING HELD IN DEPT. 23, SUPERIOR COURT - HALL OF JUSTICE &
           BEFORE HON. CARL W HOLM, JUDGE.
           NATURE OF PROCEEDINGS: PRE-TRIAL CONFERENCE.
08/12/98   HEARING HELD IN DEPT. 23, SUPERIOR COURT - HALL OF JUSTICE &
           BEFORE HON. CARL W HOLM, JUDGE.
           NATURE OF PROCEEDINGS: PROBATION REPORT AND SENTENCING.
```

*********************************************************************

ASF000002

```
J241481                                                    08/26/11
SAN MATEO CJIS            --- REGISTER OF ACTIONS ---      10:05
ORGANIZATION: MC              CASE NO. SC042562A           PAGE   3
```

*****************************************************************
RECORD OF CASE EVENTS:


04/13/98 09:00    INFORMATION FILED.
                  COMPLAINT FILED.
                  PRELIMINARY HEARING WAIVED
                  DEPUTY DA ELIZABETH L. RAFFAELLI DESIGNATED AS
                     PROSECUTING ATTORNEY OF RECORD.
                  PROPERTY BOND NO. 95-063966 IN THE AMOUNT OF $100,000.00
                     FILED. DEPOSITOR: MAIA ESTELA GONZALEZ.


04/15/98 09:00 ** HEARING HELD ON 04/15/98 AT 9:00 A.M. IN SUPERIOR COURT
                     - HALL OF JUSTICE & RECORDS, D- 23. HON. CARL W HOLM,
                     JUDGE, PRESIDING. CLERK: ROSA VEGA. REPORTER: LINDA
                     DUNBAR-STREET. CLERK2: IRMA LOPEZ.   DEPUTY D.A.
                     RAFFAELLI.   DEFENSE COUNSEL PRESENT: BORJA FOR PRIESTON.
                     FELONY ARRAIGNMENT
                  DEFENDANT PRESENT.
                  E.PRIESTON RETAINED AS ATTORNEY OF RECORD.
                  DEFENDANT WAS ARRAIGNED; THROUGH COUNSEL WAS HANDED A
                     COPY OF THE INFORMATION, WAIVED ITS READING, AND WAIVED
                     ADVICE AS TO RIGHTS.
                  DEFENDANT ENTERED A PLEA OF NOT GUILTY TO ALL COUNTS.
                  TIME WAIVED FOR TRIAL BY DEFENSE ATTY.
                  PRE-TRIAL CONFERENCE SET 06/01/1998 AT 1:30 P.M. IN
                     SCRWC COURT, D- CR.
                  JURY TRIAL SET ON 07/27/1998 AT 8:45 A.M. IN SCRWC
                     COURT, D- CR.
                  DEFENDANT REMAINS ON BAIL.
                  DEFENDANT ORDERED TO RETURN.
                  PROTECTIVE ORDER EXTENDED UNTIL 072798 AT 0845
                  ENTERED ON CJIS BY IRMA LOPEZ DATE 04/15/1998.
                  FINGERPRINT FORM FILED.


06/01/98 09:00 ** HEARING HELD ON 06/01/98 AT 9:00 A.M. IN SUPERIOR COURT
                     - HALL OF JUSTICE & RECORDS, D- 23. HON. CARL W HOLM,
                     JUDGE, PRESIDING. CLERK: ROSA VEGA. REPORTER: LINDA
                     DUNBAR-STREET. CLERK2: CHRISTINE PEPE.   DEPUTY D.A. PITT
                     .   DEFENSE COUNSEL PRESENT: SARITA FOR SHAH.
                     PRE TRIAL CONFERENCE
                  DEFENDANT PRESENT.
                  PRE-TRIAL CONFERENCE HELD.
                  JURY TRIAL DATE OF 07/27/1998 AT 8:45 A.M. VACATED.
                  DECLARATION RE PLEA/CHANGE OF PLEA; FINDING AND ORDER
                     SIGNED IN OPEN COURT.
                  DEFENDANT ADVISED OF LEGAL AND CONSTITUTIONAL RIGHTS,
                     MAXIMUM PENALTIES AND CONSEQUENCES OF THE PLEA(S)/
                     ADMISSIONS.
                  DEFENDANT ADVISED OF PERIOD OF PAROLE PURSUANT TO PC
                     1170C.
                  DEFENDANT ADVISED OF REGISTRATION REQUIREMENTS.


ASF000003

**********************************************************************
RECORD OF CASE EVENTS:

06/01/98 - CONTINUED
                    DEFENDANT ENTERED A PLEA OF NOLO CONTENDERE TO COUNT 4,
                       VIOLATION OF PC 243.4(A), A FELONY.
                    DEFENDANT ENTERED A PLEA OF NOLO CONTENDERE TO COUNT 9,
                       VIOLATION OF PC 243.4(A), A FELONY.
                    DEFENDANT ENTERED A PLEA OF NOLO CONTENDERE TO COUNT 7,
                       VIOLATION OF PC 136.1(B)(1), A FELONY.
                    COURT ACCEPTS THE PLEA(S).
                    COURT FINDS DEFENDANT GUILTY TO THE CHARGE(S) TO WHICH
                       DEFENDANT PLED NO CONTEST.
                    THE COURT FINDS DEFENDANT MADE A KNOWING AND INTELLIGENT
                       WAIVER OF LEGAL AND CONSTITUTIONAL RIGHTS AND THAT THE
                       PLEA(S) WAS FREELY AND VOLUNTARILY ENTERED.
                    COURT FINDS A FACTUAL BASIS FOR THE PLEA(S).
                    TIME WAIVED FOR SENTENCING.
                    ALL REMAINING COUNTS DISMISSED. REASON: NEGOTIATED PLEA.
                    ALL REMAINING SPECIAL ALLEGATIONS; PRIORS AND/OR OVERT
                       ACTS ARE STRICKEN. REASON: NEGOTIATED PLEA.
                    MATTER CONTINUED TO 08/12/1998 AT 8:45 A.M. IN SCRWC
                       COURT, D- CR FOR RECEIPT OF PROBATION REPORT AND
                       IMPOSITION OF SENTENCE.
                    DEFENDANT REMAINS ON BAIL.
                    DEFENDANT ORDERED TO RETURN.
                    ENTERED ON CJIS BY PEPE DATE 06/01/1998.


08/12/98 09:00 ** HEARING HELD ON 08/12/98 AT 9:00 A.M. IN SUPERIOR COURT
                    - HALL OF JUSTICE & RECORDS, D- 23. HON. CARL W HOLM,
                    JUDGE, PRESIDING. CLERK: ROSA VEGA. REPORTER: LINDA
                    DUNBAR-STREET. CLERK2: NONE.  DEPUTY D.A. RAFFAELLI.
                    DEFENSE COUNSEL PRESENT: PRIESTON.
                    PROBATION REPORT AND SENTENCING
                  DEFENDANT PRESENT.
                  UPON MOTION OF DEFENSE 90 DAY DIAGNOSTIC STUDY DENIED.
                  REFERRED TO PROBATION DEPARTMENT FOR SUPPLEMENTAL
                    REPORT/MEMORANDUM.
                  DEFENDANT WAIVED FORMAL ARRAIGNMENT FOR JUDGMENT.
                  DEFENDANT STATED THERE IS NO LEGAL CAUSE WHY SENTENCE
                    SHOULD NOT NOW BE PRONOUNCED.
                  PROBATION IS DENIED.
                  DEFENDANT IS COMMITTED TO THE DEPARTMENT OF CORRECTIONS
                    AS FOLLOWS:
                  AS TO COUNT 4 VS. PC 243.4(A) IMPOSED THE MIDDLE TERM OF
                    3 YEAR(S) 0 MONTH(S).
                  AS TO COUNT 9 VS. PC 243.4(A) IMPOSED THE MIDDLE TERM OF
                    3 YEAR(S) 0 MONTH(S).
                  AS TO COUNT 7 VS. PC 136.1(B)(1) IMPOSED THE MIDDLE TERM
                    OF 2 YEAR(S) 0 MONTH(S).
                  COUNT 9 TO BE SERVED CONCURRENT WITH COUNT 4.
                  COUNT 7 TO BE SERVED CONCURRENT WITH COUNT 4.

J241481                                                              08/26/11
SAN MATEO CJIS              ---- REGISTER OF ACTIONS ----              10:05
ORGANIZATION: MC               CASE NO. SC042562A                    PAGE   5

*****************************************************************************
RECORD OF CASE EVENTS:

08/12/98 - CONTINUED
                    DEFENDANT COMMITTED TO DEPARTMENT OF CORRECTIONS FOR THE
                       TOTAL TERM OF 3 YEAR(S) 0 MONTH(S).
                    CREDIT FOR 49 ACTUAL DAYS SERVED, PLUS 24 DAYS GOOD
                       TIME/WORK TIME PLUS 0 PROGRAM TIME FOR A TOTAL OF 73.
                    DEFENDANT REMANDED TO THE CUSTODY OF THE SHERIFF TO BE
                       DELIVERED TO CALIFORNIA STATE PRISON, SAN QUENTIN.
                    NO CONTACT WITH VICTIMS
                    200 FEE PURSUANT TO PC 290
                    DEFENDANT SHALL PAY A $200.00 RESTITUTION FUND FINE AS
                       MANDATED BY PENAL CODE SECTION 1202.4 PLUS 10 % OR $0.00
                       COLLECTION FEE.
                    FINE(S) TO BE COLLECTED BY THE DEPARTMENT OF CORRECTIONS
                    GENETIC MARKER TESTING PURSUANT TO 290.2 PC IS ORDERED.
                    ALL ORIGINAL SENTENCE ELEMENTS FOR THIS PROCEEDINGS
                       ENTERED.
                    ENTERED ON CJIS BY ROSA DATE 08/12/1998.

08/17/98 09:00      PROBATION REPORT FILED

08/20/98 09:00      CONFIDENTIAL ORDER DATED 081498| FILED.
                    CONFIDENTIAL ORDER DATED 081298 FILED.

08/31/98 09:00      ABSTRACT OF JUDGMENT FILED.

09/03/98 09:00      PROPERTY BOND DOCUMENTS SENT TO COUNTY COUNSEL FOR
                       EXONERATION

03/08/99 09:00      BAIL EXONERATED.
                    PROPERTY BOND EXONERATED

ASF000005

```
J241481                                                              08/26/11
SAN MATEO CJIS            --- REGISTER OF ACTIONS ---               10:05
ORGANIZATION: MC              CASE NO. SC042562A                    PAGE    6
```

*********************************************************************************
SENTENCE SUMMARY:


INCARCERATION:   3 YRS
     PRISON:     DEPARTMENT OF CORRECTIONS
     CTS:        49 DAYS  +  24  G/W TIME  =  73 TOTAL DAYS


FINE:
     BASIC FINE AMOUNT:            $0.00
     PENALTY/ASSESS:                0.00
     A/R FEE:                       0.00
     NVRF AMT:                      0.00
EDUCATION PROGRAM FEE:              0.00
     MISC. FEES:                    0.00
     REST. FINE:                  200.00
     CTS AMOUNT:                   (0.00)
                                 _____
     TOTAL AMOUNT DUE:           $200.00

     ACTION ON BAIL/BOND:    EXONERATED


     STATUS: DENIED

STATE OF CALIFORNIA } SS
COUNTY OF SAN MATEO }

I, John C. Fitton, the Clerk of the Superior Court of the above
entitled County, do hereby certify that the foregoing is a full, true
and correct copy of the original on file in my office, and that I have
carefully compared same with the original.
   Witness my hand and seal of said Superior Court

This __26__ day of __Aug__ __2011__
Clerk of the Superior Court of California, County of San Mateo

By _____  Deputy Clerk


SENTENCE COMMENTS:
     REFERRED TO PROBATION DEPARTMENT FOR SUPPLEMENTAL
     REPORT/MEMORANDUM.
     DEFENDANT STATED THERE IS NO LEGAL CAUSE WHY SENTENCE
     SHOULD NOT NOW BE PRONOUNCED.
     PROBATION IS DENIED.
     DEFENDANT IS COMMITTED TO THE DEPARTMENT OF CORRECTIONS
     AS FOLLOWS:
     AS TO COUNT 4 VS. PC 243.4(A) IMPOSED THE MIDDLE TERM OF
     3 YEAR(S) 0 MONTH(S).
     AS TO COUNT 9 VS. PC 243.4(A) IMPOSED THE MIDDLE TERM OF
     3 YEAR(S) 0 MONTH(S).
     AS TO COUNT 7 VS. PC 136.1(B)(1) IMPOSED THE MIDDLE TERM
     OF 2 YEAR(S) 0 MONTH(S).
     COUNT 9 TO BE SERVED CONCURRENT WITH COUNT 4.
     COUNT 7 TO BE SERVED CONCURRENT WITH COUNT 4.
     DEFENDANT COMMITTED TO DEPARTMENT OF CORRECTIONS FOR THE
     TOTAL TERM OF 3 YEAR(S) 0 MONTH(S).
     CREDIT FOR 49 ACTUAL DAYS SERVED, PLUS 24 DAYS GOOD
     TIME/WORK TIME PLUS 0 PROGRAM TIME FOR A TOTAL OF 73.
     NO CONTACT WITH VICTIMS
     200 FEE PURSUANT TO PC 290
     DEFENDANT SHALL PAY A $200.00 RESTITUTION FUND FINE AS
     MANDATED BY PENAL CODE SECTION 1202.4 PLUS 10 % OR $0.00
     COLLECTION FEE.
     FINE(S) TO BE COLLECTED BY THE DEPARTMENT OF CORRECTIONS
     ALL ORIGINAL SENTENCE ELEMENTS FOR THIS PROCEEDINGS
     ENTERED.

*********************************************************************************
END OF REGISTER OF ACTIONS

ASF000006

```
 1   JAMES P FOX
     DISTRICT ATTORNEY
 2   SAN MATEO COUNTY
     STATE BAR NO. 45169
 3   BY: ELIZABETH L RAFFAELLI
     DEPUTY DISTRICT ATTORNEY
 4   401 MARSHALL ST
     REDWOOD CITY, CA 94063
 5
     TELEPHONE: (415) 363-4636
 6
     ATTORNEYS FOR PLAINTIFF
 7
```

FILED
SAN MATEO COUNTY

APR 13 1998

Clerk of the Superior Court
By _____
      DEPUTY CLERK

```
 8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO

 9   THE PEOPLE OF THE STATE OF CALIFORNIA,   )
                                              )   DA CASE: INF 0169544
10                          PLAINTIFF,        )   ( FELONY )
                                              )
11                   V.                       )   INFORMATION
                                              )
12   *ARNOLDO SANCHEZ FARIAS                  )
     529 OAKSIDE AV APT A                     )      SC42562  A
13   REDWOOD CITY, CA 94060                   )
                                              )
14     AKA ARNOLDO FARIAS SANCHEZ             )
                                              )
15                                            )
                           DEFENDANT(S).)
16   -------------------------------------

17       THE SAID DEFENDANT(S) IS/ARE ACCUSED BY THE DISTRICT

18   ATTORNEY OF THE COUNTY OF SAN MATEO OF THE STATE OF CALIFORNIA,

19   BY THIS INFORMATION, OF THE FOLLOWING CRIME(S) IN SAN MATEO

20   COUNTY:

21

22       COUNT: 001, ON OR ABOUT 12/24/1997, ARNOLDO SANCHEZ FARIAS

23   DID WILLFULLY AND UNLAWFULLY HAVE OR ACCOMPLISH AN ACT OF SEXUAL

24   INTERCOURSE WITH A PERSON, TO WIT: JANE DOE #1, AGE 15 NOT

25   HIS/HER SPOUSE, AGAINST SAID PERSON'S WILL, BY MEANS OF FORCE,

26   VIOLENCE, DURESS, MENANCE OR FEAR OF IMMEDIATE BODILY INJURY ON

27   SAID PERSON OR ANOTHER, IN VIOLATION OF PENAL CODE SECTION

28   261(A)(2), A FELONY.
```



ASF000007

1      COUNT: 002, ON OR ABOUT 12/24/1997, ARNOLDO SANCHEZ FARIAS

2   DID WILLFULLY AND UNLAWFULLY HAVE OR ACCOMPLISH AN ACT OF SEXUAL

3   INTERCOURSE WITH A MINOR, NOT THE SPOUSE OF SAID DEFENDANT, SAID

4   MINOR BEING MORE THAN THREE YEARS YOUNGER THAN THE DEFENDANT, IN

5   VIOLATION OF PENAL CODE SECTION 261.5(C), A FELONY.

6

7      COUNT: 003, ON AND BETWEEN 12/01/1997 AND 12/24/1997,

8   ARNOLDO SANCHEZ FARIAS DID WILLFULLY AND UNLAWFULLY ANNOY OR

9   MOLEST A CHILD, JANE DOE #1, AGE 15 UNDER THE AGE OF EIGHTEEN

10  YEARS, IN VIOLATION OF PENAL CODE SECTION 647.6(A), A

11  MISDEMEANOR.

12

13     COUNT: 004, ON OR ABOUT 12/25/1997, ARNOLDO SANCHEZ FARIAS

14  DID WILLFULLY AND UNLAWFULLY TOUCH AN INTIMATE PART OF JANE DOE

15  #1, AGE 15, WHILE SAID PERSON WAS UNLAWFULLY RESTRAINED BY SAID

16  DEFENDANT(S), ARNOLDO SANCHEZ FARIAS OR AN ACCOMPLICE, AGAINST

17  THE WILL OF SAID PERSON AND FOR THE PURPOSE OF SEXUAL AROUSAL,

18  GRATIFICATION, OR ABUSE, IN VIOLATION OF PENAL CODE SECTION

19  243.4(A), A FELONY.

20

21     COUNT: 005, ON OR ABOUT 12/28/1997, ARNOLDO SANCHEZ FARIAS

22  DID WILLFULLY AND UNLAWFULLY HAVE OR ACCOMPLISH AN ACT OF SEXUAL

23  INTERCOURSE WITH A PERSON, TO WIT: JANE DOE #1, AGE 15 NOT

24  HIS/HER SPOUSE, AGAINST SAID PERSON'S WILL, BY MEANS OF FORCE,

25  VIOLENCE, DURESS, MENANCE OR FEAR OF IMMEDIATE BODILY INJURY ON

26  SAID PERSON OR ANOTHER, IN VIOLATION OF PENAL CODE SECTION

27  261(A)(2), A FELONY.

28

2.

ASF000008

1     COUNT: 006, ON OR ABOUT 12/28/1997, ARNOLDO SANCHEZ FARIAS

2     DID WILLFULLY AND UNLAWFULLY HAVE OR ACCOMPLISH AN ACT OF SEXUAL

3     INTERCOURSE WITH A MINOR, NOT THE SPOUSE OF SAID DEFENDANT, SAID

4     MINOR BEING MORE THAN THREE YEARS YOUNGER THAN THE DEFENDANT, IN

5     VIOLATION OF PENAL CODE SECTION 261.5(C), A FELONY.

6

7     COUNT: 007, ON OR ABOUT 02/05/1998, ARNOLDO SANCHEZ FARIAS

8     DID WILLFULLY AND UNLAWFULLY ATTEMPT TO PREVENT OR DISSUADE JANE

9     DOE #1, AGE 15 A VICTIM AND/OR WITNESS OF A CRIME FROM MAKING A

10    REPORT OF SUCH VICTIMIZATION TO A PEACE OFFICER, STATE OR LOCAL

11    LAW ENFORCEMENT OFFICER, PROBATION, PAROLE OR CORRECTIONAL

12    OFFICER, PROSECUTING AGENCY, OR JUDGE, IN VIOLATION OF PENAL

13    CODE SECTION 136.1(B)(1), A FELONY.

14

15    COUNT: 008, ON OR ABOUT 02/05/1998, ARNOLDO SANCHEZ FARIAS

16    DID WILLFULLY, KNOWINGLY, MALICIOUSLY, AND UNLAWFULLY PREVENT OR

17    DISSUADE OR ATTEMPT TO PREVENT AND/OR DISSUADE JANE DOE #1, AGE

18    15, A VICTIM AND/OR WITNESS OF A CRIME, BY MEANS OF FORCE OR

19    THREATS OF UNLAWFUL INJURY TO THE PERSON OR DAMAGE TO THE

20    PROPERTY OF HIMSELF/HERSELF OR ANOTHER FROM TO WIT: DEFENDANT

21    MADE AN EXPRESS OR IMPLIED THREAT OF FORCE, IN VIOLATION OF

22    PENAL CODE SECTION 136.1(C)(1), A FELONY.

23

24    COUNT: 009, ON AND BETWEEN 08/01/1997 AND 08/31/1997,

25    ARNOLDO SANCHEZ FARIAS DID WILLFULLY AND UNLAWFULLY TOUCH AN

26    INTIMATE PART OF JANE DOE #2, AGE 14, WHILE SAID PERSON WAS

27    UNLAWFULLY RESTRAINED BY SAID DEFENDANT(S), ARNOLDO SANCHEZ

28    FARIAS OR AN ACCOMPLICE, AGAINST THE WILL OF SAID PERSON AND FOR

ASF000009

```
 1   THE PURPOSE OF SEXUAL AROUSAL, GRATIFICATION, OR ABUSE, IN

 2   VIOLATION OF PENAL CODE SECTION 243.4(A), A FELONY.

 3

 4       COUNT: 010, ON AND BETWEEN 08/01/1997 AND 08/31/1997,

 5   ARNOLDO SANCHEZ FARIAS DID WILLFULLY AND UNLAWFULLY ANNOY OR

 6   MOLEST A CHILD, JANE DOE #2, AGE 14 UNDER THE AGE OF EIGHTEEN

 7   YEARS, IN VIOLATION OF PENAL CODE SECTION 647.6(A), A

 8   MISDEMEANOR.

 9

10   DATED: APRIL 02, 1998

11                               JAMES P FOX, DISTRICT ATTORNEY

12

13
     DJS                         ELIZABETH L RAFFAELLI
                                 DEPUTY DISTRICT ATTORNEY
```

STATE OF CALIFORNIA    SS
COUNTY OF SAN MATEO

I, John C. Fitton, the Clerk of the Superior Court in the above
entitled County, do hereby certify that the foregoing is a full, true
and correct copy of the original on file in my office, and that I have
carefully compared same with the original.
    Witness my hand and seal of said Superior Court

This ___26___ day of _____
Clerk of the Superior Court of California, County of San Mateo

By _____ Deputy Clerk

ASF000010

(For Court Use Only)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO

THE PEOPLE OF THE STATE OF CALIFORNIA,

vs. *Arnoldo Sanchez Farias*                    ~~Plaintiff~~
                                                  (Defendant)

DECLARATION CONCERNING ☐ PLEA OF ☒ CHANGE OF PLEA TO

GUILTY OR (NOLO CONTENDERE;) and FINDING and ORDER

**FILED**
SAN MATEO COUNTY

JUN 01 1998

Clerk of the Superior Court
By _____
           DEPUTY CLERK

I, the above named defendant in the above-entitled criminal action, and in support of my
motion, which will be made in open court personally and by my attorney,
☒ to change my plea(s) to ☐ to plead ☐ guilty ☒ nolo contendere, do declare:

Case Number SC- *042562A*

1.   My attorney in this action is   *Evans D. Priceton*

2.   I am charged in the   *County of San Mateo*   in this action with having
     violated   *Ct. 4 PC 243.4(A); Ct. 9 PC 243.4(A),*
                 (code, section(s), count(s))
     *Ct. 7 PC 136.1(B)(1), Ct 2+6 261.5(c),*

3.   I desire to ☐ plead ☒ change my plea(s) to   *Nolo Contendre* to   *Counts 4*
                                                   (guilty/nolo contendere)
     *PC 243.4(A); Ct. 9 PC 243.4(A); Ct.7 PC 136.)*
     (state code, section(s) and count(s), including lesser offense(s) to which plea is to be made)

4.   I   *do*   understand the nature of the charge(s) against me.
         (do/do not)

5.   I   *have*   discussed the nature of the charge(s) against me and the possible defenses thereto with my attorney.
         (have/have not)

6.   My attorney   *has*   explained my constitutional rights to a trial by jury, confront witnesses against me the
                   (has/has not)
     process of the Court to compel the attendance of witnesses on my behalf, the right to remain silent or, if I so choose, to testify
     for myself.

7.   I   *do*   realize that I give up these rights by pleading guilty or nolo contendere.
         (do/do not)
     I understand that a plea of nolo contendere has the same legal effect as a plea of guilty.

8.   I understand that if I am not a citizen, conviction of the offense for which I have been charged may have the consequences of
     deportation, exclusion from admission to the United States or denial of naturalization.

9.   My decision to ☒ change my plea(s) to ☐ plead   *nolo contendre*
                                                      (guilty/nolo contendere)
     has been made freely and voluntarily, without threat or fear to me or anyone closely related to or associated with me.

10.  My attorney   *has*   explained that the maximum penalty, including penalty assessments, which could be
                   (has/has not)
     imposed as a result of my plea(s) of guilty or nolo contendere is   *5 years 8 months*
     *state prison* and *$30,000 in fines and penalty*
     *assessments, 4 years parole, sex registration,*
     *AIDS/HIV Testing, minimum fine ($200)*

Rev. 10/97                         CRIMINAL-PLEA OR CHANGE OF PLEA                    ASF000011

11. I _____have____ ___NOT___ been induced to plead guilty or nolo contendere by any promise or representation of a
(have/have not)

lesser sentence, probation, reward, immunity, or anything else except:

_Plead no contest to counts 4, 9 & 7; dismiss_
_counts 1, 2, 3, 5, 6, 8, 10; 3 years State_
_Prison top and refer by the court. Attend_
_AIDS testing;_

(NOTE: Any agreement on sentence where state prison is imposed includes parole; and where probation is granted may still
subject a defendant to the maximum penalty (see #10) if probation is later violated.)

12. I _____do_____ waive my right to be sentenced by the judge taking my plea and understand sentencing
(do/do not)
may occur before another judge.

13. I _____do_____ understand that the matter of probation and sentence is to be determined solely by the
(do/do not)
Court and will not be decided until the report and recommendation by the Probation Department has been considered.

The Court reserves the right to withdraw its consent to any sentence limitation-agreement; and, in the event, I will be permitted
to withdraw my plea(s) of guilty or nolo contendere and all charges will be reinstated.

EXECUTED in San Mateo County, California on _____June 1_____ 19_98_

_____
(Defendant's Signature)

_Evans D. Preston / Savita Shah_

_____ states that he/she is the above-named defendant's attorney in the above-entitled
action; he/she personally read and explained the contents of the above declaration to the defendant; he/she personally observed
the defendant fill in, date and sign said declaration; he/she, after having investigated this case and the possible defenses thereto,
concurs in the defendant's pleas(s) of guilty or nolo contendere to the charge(s) as set forth by the defendant in the above
declaration and stipulates there is a factual basis for the plea(s).

DATED: _6/1/98_                                    _____
(Attorney's Signature) for Evans D.
Preston

The People of the State of California, plaintiff in the above-entitled criminal action, by and through its attorney, concur and
stipulate there is a factual basis for the plea(s).

DATED: _1 JUNE 1998_        JAMES P. FOX, DISTRICT ATTORNEY

By _____
Deputy - Assistant District Attorney

FINDINGS AND ORDER

The defendant personally and by his/her attorney in open court having this date entered a plea of ☐ guilty ☒ nolo contendere,
and having been advised as to his/her rights, said plea is hereby accepted and ordered entered. The Court finds that the
defendant made a knowing, intelligent and voluntary waiver of the above rights, and that a factual basis exists for such plea(s).

DATED: _6/1/98_            _____
JUDGE

Rev. 10/97                    CRIMINAL-PLEA OR CHANGE OF PLEA

ASF000012

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

[X] SUPERIOR
[ ] MUNICIPAL
[ ] JUSTICE
} COURT OF CALIFORNIA, COUNTY OF __SAN MATEO__

BRANCH OR JUDICIAL DISTRICT: _____

COURT (I.D.)  4 1

**FILED**
SAN MATEO COUNTY

AUG 3 1 1998

Clerk of the Superior Court
By _____

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: ARNOLDO SANCHEZ FARIAS
AKA: Arnoldo Farias Sanchez

[X] PRESENT    SC-42562–A  - A
[ ] NOT PRESENT                - B
                              - C

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT [ ]          - D
                     - E

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 08/12/98 | 23 | CARL W. HOLM | ROSA VEGA |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| LINDA DUNBAR–STREET | E. RAFFAELLI | PRIESTON | NONE STATED. |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

SENTENCE RELATION

[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | TERM (L,M,U) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON | INCOMPLETE FULL TERM | INCOMPLETE SENTENCE CS 1170.1-5-44 | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | PC | 243.4(A) | SEXUAL BATTERY | 97 | 06 | 01 | 98 | | X | | M | | | | | | | 3 | |
| 9 | PC | 243.4(A) | SEXUAL BATTERY | 97 | 06 | 01 | 98 | | X | | M | X | | | | | | (3) | |
| 7 | PC | 136.1(B)(1) | PREVEN/DISSUADE WITNESS/VICTIM FROM REPORTING | 97 | 06 | 01 | 98 | | X | | M | X | | | | | | (2) | |

2. **ENHANCEMENTS** charged and found true **TIED TO SPECIFIC COUNTS** (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. **ENHANCEMENTS** charged and found true **FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS** (mainly § 667-series) and **OTHER**. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

5. **OTHER ORDERS:** Defendant shall pay fine of $200 pursuant to 290PC and $200 + 10% pursuant to 1202.4PC, to be collected by CDC; Genetic Marker Testing per 290.2PC is ordered.

Use additional sheets of plain paper if necessary.

6. TOTAL TIME IMPOSED ON **ALL** ATTACHMENT PAGES (FORM DSL 290-A):

7. TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays of term for enhancements.)

8. TOTAL TERM IMPOSED:   3

9. EXECUTION OF SENTENCE IMPOSED:

[X] A. [ ] AT INITIAL SENTENCING HEARING   B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C. [ ] AFTER REVOCATION OF PROBATION   D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PEN C § 1170(d))   E. [ ] OTHER _____

| 10. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 08/12/98 | CREDIT FOR TIME SPENT IN CUSTODY 73 | TOTAL DAYS INCLUDING: | ACTUAL LOCAL TIME 49 | LOCAL CONDUCT CREDITS 24 | STATE INSTITUTIONS [ ] DMH |
|---|---|---|---|---|---|

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

[X] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

[ ] CALIF. INSTITUTION FOR WOMEN – FRONTERA
[ ] CALIF. MEDICAL FACILITY – VACAVILLE
[ ] CALIF. INSTITUTION FOR MEN – CHINO
[X] SAN QUENTIN
[ ] OTHER (SPECIFY):

STATE OF CALIFORNIA
COUNTY OF SAN MATEO } SS.

### CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

I, John C. Fitton, the Clerk of the Superior Court of the above entitled County, do hereby certify that the foregoing is a full, true and correct copy of the original on file in my office, and that I have carefully compared same with the original.
Witness my hand and seal of said Superior Court

| DEPUTY'S SIGNATURE | DATE 08/31/98 |
|---|---|

This _26_ day of _Aug_ _2011_
Clerk of the Superior Court of California, County of San Mateo
By _____  Deputy Clerk

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the Judicial Council of California
Effective April 1, 1992

### ABSTRACT OF JUDGMENT – PRISON COMMITMENT
FORM DSL 290

Pen.C. 1213.5

DISTRIBUTION:    PINK COPY – COURT FILE    YELLOW COPY – DEPARTMENT OF CORRECTIONS

ASF000013

**ATTACHMENT C**



C

**Effective: January 1, 2003**

West's Annotated California Codes Currentness
  Penal Code (Refs & Annos)
    Part 1. Of Crimes and Punishments
      Title 8. Of Crimes Against the Person
        Chapter 9. Assault and Battery (Refs & Annos)
          ➡➡ **§ 243.4. Sexual battery**

(a) Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery. A violation of this subdivision is punishable by imprisonment in a county jail for not more than one year, and by a fine not exceeding two thousand dollars ($2,000); or by imprisonment in the state prison for two, three, or four years, and by a fine not exceeding ten thousand dollars ($10,000).

(b) Any person who touches an intimate part of another person who is institutionalized for medical treatment and who is seriously disabled or medically incapacitated, if the touching is against the will of the person touched, and if the touching is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery. A violation of this subdivision is punishable by imprisonment in a county jail for not more than one year, and by a fine not exceeding two thousand dollars ($2,000); or by imprisonment in the state prison for two, three, or four years, and by a fine not exceeding ten thousand dollars ($10,000).

(c) Any person who touches an intimate part of another person for the purpose of sexual arousal, sexual gratification, or sexual abuse, and the victim is at the time unconscious of the nature of the act because the perpetrator fraudulently represented that the touching served a professional purpose, is guilty of sexual battery. A violation of this subdivision is punishable by imprisonment in a county jail for not more than one year, and by a fine not exceeding two thousand dollars ($2,000); or by imprisonment in the state prison for two, three, or four years, and by a fine not exceeding ten thousand dollars ($10,000).

(d) Any person who, for the purpose of sexual arousal, sexual gratification, or sexual abuse, causes another, against that person's will while that person is unlawfully restrained either by the accused or an accomplice, or is institutionalized for medical treatment and is seriously disabled or medically incapacitated, to masturbate or touch an intimate part of either of those persons or a third person, is guilty of sexual battery. A violation of this subdivision is punishable by imprisonment in a county jail for not more than one year, and by a fine not exceeding two thousand dollars ($2,000); or by imprisonment in the state prison for two, three, or four years, and by a fine not exceeding ten thousand

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

dollars ($10,000).

(e)(1) Any person who touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery, punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail not exceeding six months, or by both that fine and imprisonment. However, if the defendant was an employer and the victim was an employee of the defendant, the misdemeanor sexual battery shall be punishable by a fine not exceeding three thousand dollars ($3,000), by imprisonment in a county jail not exceeding six months, or by both that fine and imprisonment. Notwithstanding any other provision of law, any amount of a fine above two thousand dollars ($2,000) which is collected from a defendant for a violation of this subdivision shall be transmitted to the State Treasury and, upon appropriation by the Legislature, distributed to the Department of Fair Employment and Housing for the purpose of enforcement of the California Fair Employment and Housing Act (Part 2.8 (commencing with Section 12900) of Division 3 of Title 2 of the Government Code), including, but not limited to, laws that proscribe sexual harassment in places of employment. However, in no event shall an amount over two thousand dollars ($2,000) be transmitted to the State Treasury until all fines, including any restitution fines that may have been imposed upon the defendant, have been paid in full.

(2) As used in this subdivision, "touches" means physical contact with another person, whether accomplished directly, through the clothing of the person committing the offense, or through the clothing of the victim.

(f) As used in subdivisions (a), (b), (c), and (d), "touches" means physical contact with the skin of another person whether accomplished directly or through the clothing of the person committing the offense.

(g) As used in this section, the following terms have the following meanings:

(1) "Intimate part" means the sexual organ, anus, groin, or buttocks of any person, and the breast of a female.

(2) "Sexual battery" does not include the crimes defined in Section 261 or 289.

(3) "Seriously disabled" means a person with severe physical or sensory disabilities.

(4) "Medically incapacitated" means a person who is incapacitated as a result of prescribed sedatives, anesthesia, or other medication.

(5) "Institutionalized" means a person who is located voluntarily or involuntarily in a hospital, medical treatment facility, nursing home, acute care facility, or mental hospital.

(6) "Minor" means a person under 18 years of age.

(h) This section shall not be construed to limit or prevent prosecution under any other law which also proscribes a course of conduct that also is proscribed by this section.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

(i) In the case of a felony conviction for a violation of this section, the fact that the defendant was an employer and the victim was an employee of the defendant shall be a factor in aggravation in sentencing.

(j) A person who commits a violation of subdivision (a), (b), (c), or (d) against a minor when the person has a prior felony conviction for a violation of this section shall be guilty of a felony, punishable by imprisonment in the state prison for two, three, or four years and a fine not exceeding ten thousand dollars ($10,000).

CREDIT(S)

(Added by Stats.1982, c. 1111, p. 4024, § 1. Amended by Stats.1984, c. 1418, § 1; Stats.1984, c. 1495, § 1; Stats.1985, c. 782, § 1; Stats.1985, c. 1257, § 1.1; Stats.1987, c. 828, § 12.5; Stats.1989, c. 1034, § 1; Stats.1991, c. 149 (A.B.180), § 1; Stats.1992, c. 1219 (A.B.3388), § 1; Stats.1996, c. 917 (A.B.2127), § 1; Stats.1997, c. 821 (A.B.290), § 2, eff. Oct. 9, 1997; Stats.2002, c. 302 (S.B.1421), § 1.)

Current with urgency legislation through Ch. 32 of 2013 Reg.Sess., also including Chs. 34-36, 41, 43, 54, and 57.

(C) 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.